[No. 18955.  Department One.  May 21, 1925.]

*In the Matter of the Estate of* MARTHA A. WEIR,
*Deceased.*

GRACE WEIR DOLAN, *Appellant,* v. MARTHA WEIR,
*Respondent.*[1]

TRUSTS (6, 10)—WILLS (9)—TRANSACTIONS CREATING TRUSTS—
MUTUAL WILLS—AGREEMENTS TO DEVISE. Wills simultaneously made
by a mother and daughter wherein the daughter gave all her prop-
erty to her sister, and the mother gave all her property to the first
daughter, declaring that she made no provision for the sister because
she was well provided for, cannot be considered as mutual wills,
creating a trust in favor of the sister, where neither of the wills
contained anything to indicate such an intent.

FRAUDS, STATUTE OF (18, 30)—TRUSTS (3)—CONTRACTS TO DEVISE
—MUTUAL WILLS—OPERATION OF STATUTE. Parol evidence is inad-
missible to show an express trust by an oral agreement between a
mother and her daughter to make mutual wills for the ultimate
benefit of the latter's sister, where, by the wills, simultaneously
made, the daughter gave all her property to her sister, and the
mother gave all hers to the first daughter, declaring that she made
no provision for the sister because she was well provided for, and
where neither of the wills contained anything to indicate such an
intent.

TRUSTS (6, 10)—EXPRESS AND RESULTING TRUSTS DISTINGUISHED
—EVIDENCE TO ESTABLISH. An agreement by a mother to will all
her property to a daughter upon the express promise and agreement
that the latter would will all the remainder to her sister, is one
creating an express trust, and not a resulting one or a trust *ex
maleficio*, where there is no claim of fraud in the original transac-
tion; and hence the same cannot be shown by parol evidence.

Appeal from an order and decree of the superior
court for King county, Dykeman, J., entered July 10,
1924, decreeing the distribution of an estate, upon
sustaining a demurrer to the petition of a contestant,
after a hearing to the court. Affirmed.

[1]Reported in 236 Pac. 285.

*Chadwick, McMicken, Ramsey & Rupp,* for appellant.
*Tom Alderson,* for respondent.

ASKREN, J.—A petition upon distribution was filed in the estate of Martha A. Weir, deceased, which set out substantially the following facts: That on the 6th day of January, 1921, the decedent, having two daughters, Martha Weir and Grace Weir Dolan, desired to make a will leaving a life estate to Martha Weir and the remainder, upon her death, to Grace Weir Dolan; that such will was prepared and she was then advised by her attorney that Martha Weir had raised the question whether, holding only a life estate, she would have the right to convey any of the property in question, and upon being advised that there might be some embarrassment, it was agreed that the purpose and intent would be accomplished by Martha A. Weir devising her whole estate to Martha Weir, and as a part of the same transaction, Martha Weir execute a will devising the remainder of the estate of her mother to Grace Weir Dolan; that, in pursuance of this agreement, such wills were executed; that, after the death of Martha A. Weir, Martha Weir presented the will of decedent for probate, but without informing the court of the circumstances under which it was executed; that she has obtained possession of her own will, has repudiated her contract, is asserting entire interest in the estate, and claiming that she is not bound by the terms of her contract. The petitioner prayed that the court declare the will of Martha Weir, whereby she bequeathed the remainder of her mother's estate of Grace Weir Dolan, to be irrevocable, and that Martha Weir take only a life estate in the estate of her mother. To this petition a demurrer was sustained, and the sole question to be decided is whether

the facts stated in the petition created a trust that can be proven either by the will or by parol.

The will of Martha A. Weir is as follows:

"I, Martha A. Weir, of Seattle, Washington, of the age of 68 years, considering myself of sound and disposing mind and memory, and not acting under duress, menace, fraud or undue influence by any person whomsoever, hereby revoking all former wills by me made, do hereby make, publish and declare this my last will and testament, as follows, to-wit:

"First: I hereby bequeath and devise unto my beloved daughter Martha Weir, of Seattle, Washington, all of my estate, both real and personal, wherever situate. I make no bequest to my daughter, Grace Weir Dolan, of Aberdeen, Washington, for the reason that she is well provided for.

"Second: I direct that all my just debts and funeral expenses be paid as soon after my decease as can conveniently be done.

"Third: I hereby appoint my beloved daughter Martha Weir, as executrix of this my last will, without bonds, and hereby direct that upon the probate of this will my said estate be administered upon by her without the intervention of any court, probate or otherwise.

"In Witness Whereof, I have hereunto set my hand and seal this 6th day of January, 1921, in the presence of the undersigned, whom I have requested to become attesting witnesses hereto."

Following is the will of Martha Weir:

"I, Martha Weir, of Seattle, Washington, of mature age, considering myself of sound and disposing mind and memory, and not acting under duress, menace, fraud or undue influence by any person whomsoever, hereby revoking all former wills by me made, do hereby make, publish and declare this my last will and testament as follows, to-wit:

"First: I direct that all my just debts and funeral expenses be paid as soon after my decease as can conveniently be done.

"Second: I bequeath and devise unto my beloved sister, Grace Weir Dolan, of Aberdeen, Washington,

all of my property, both real and personal wherever situate.

"Third: I hereby appoint my beloved sister, Grace Weir Dolan as executrix of this my last will, without bonds, and hereby direct that upon the probate of this my said will my said estate be administered by her without the intervention of any court, probate or otherwise.

"In Witness Whereof, I have hereunto set my hand and seal this 6th day of January, 1921, in the presence of the undersigned, whom I have requested to become attesting witnesses hereto."

It will first be noticed that the will of Martha Weir, sought to be proven, does not make a devise of the remainder of her mother's estate, but is merely an ordinary non-intervention will whereby one sister has left to another the whole of her estate. It is claimed by appellant that, if the contract between the parties be construed as an express trust, this is a sufficient writing to take it out of the statute of frauds. It is claimed that the two wills must be taken together as evidencing the intent of the parties—the contract entered into—it being the contention that these are mutual or reciprocal wills. There is nothing in the wills to indicate that they are mutual wills. Outside of the fact that they are alleged to have beeen executed contemporaneously, there is not a word in the will of the mother which indicates an intention to create any trust, or make any provision whatsoever for the daughter Grace Weir Dolan. The same is true of the will of the daughter Martha Weir, her will containing nothing to indicate that it is dependent upon the will of the mother, or that the devise made therein was made at the request of, or as the result of, any promise to the mother, or that she intended to will the specific property received from the mother. In this they may

be distinguished from cases involving mutual wills cited by appellant from other jurisdictions.

Nearly all of the cases involving mutual wills have been cases where husband and wife have executed wills leaving to each other certain property with a portion of the property, or the remainder therein, to their children; and in construing these wills the courts, having been able to see from the wills themselves a distinct understanding between the parties that one will was executed upon the faith and the provisions of the other, both evidencing a like intent as to the care of and provision for the children, hold that the survivor is not permitted, upon the other's death, to change his own will. This was our holding in *Prince v. Prince*, 64 Wash. 552, 117 Pac. 255, where a husband and wife made mutual wills, alike in form and terms, whereby each gave to certain of their children several tracts of land, and the remainder of the property to the other spouse. After the death of the husband, the wife contended that she did not intend to part with any of her community interest in the property, and that she had intended at the time she signed the will to break it. The wife brought an action against the children praying for a partition, upon the theory that her deceased husband had no right to devise to another, even to their children, any specific interest in what was community property. It was there said:

"In principle we cannot distinguish between a single instrument signed by both parties to the contract, and separate instruments alike in kind and character, and intended to effectuate the same purpose."

The extent of our holding will there be seen to be based upon the particular facts whereby it was clearly seen by the contents of the wills themselves that each was dependent upon the other, and that they were to effectuate the same purpose. We have already pointed

out that, in the present case, there is nothing in the two wills which indicates the existence of the trust, that either was made relying on the other, or that there was any intention to effectuate the same purpose. Indeed, in the will of Martha A. Weir, the decedent, will be found the following provisions: "I make no bequest to my daughter, Grace Weir Dolan, of Aberdeen, Washington, for the reason that she is well provided for." Under no process of reasoning can it be said that a will which gives all to one daughter and nothing to the other daughter, stating as a reason therefor that the second daughter "is well provided for," is made upon the faith of another will executed at the same time, or that the will of one sister to another is made as a result of, or dependent upon, the will of the mother, there being nothing to indicate such intent in the wills themselves. The will from one sister to the other is a perfectly natural act. There is such a relationship between them as prompts a disposition to will the property. The execution of such a will raises no presumption that it was induced by, or as the result of, any agreement, contract, or trust.

The requisites of a written instrument to take an express trust out of the statute of frauds is well stated in 39 Cyc. 53:

"Although strict in interpreting the statute of frauds to require some writing, the courts are liberal in their construction as to the kind of writing required, and hold that the statute is satisfied by any writing which sufficiently manifests the existence of the trust, and designates its terms with the certainty which is required in declarations of trust generally without regard to the statute of frauds."

It is next contended that if this be not so, there is a constructive or resulting trust, or one *ex maleficio,* which can be proven by parol evidence. Conceding that trusts of that character may be shown by parol evi-

dence, it must first be determined what kind of a trust this is. We have frequently held that where a trust arises by an express contract or agreement between the parties it is an express trust; and under practically all authorities, implied, constructive and resulting trusts are those which do not arise out of a contract between the parties providing for the trust, but arise by operation of law. It is not necessary to cite all of our cases so holding, but they will be found collated in a very full and complete review in *Farrell v. Mentzer*, 102 Wash. 629, 174 Pac. 482. In this case the most favorable view of the facts alleged in the petition show that the mother conveyed complete title to Martha Weir upon the express promise and agreement that the latter would will all of the remainder to her sister, Grace Weir Dolan. A clearer example of an express trust can hardly be imagined. This question was disposed of in *Arnold v. Hall*, 72 Wash. 50, 129 Pac. 914, 44 L. R. A. (N. S.) 349, wherein it was said:

"The respondent argues that the transaction raised either a trust *ex maleficio* or a constructive trust. He pleaded an express contract to reconvey the property, and the evidence submitted is in harmony with the complaint. This would create an express trust. It is true that equity will raise a constructive trust to prevent a fraud, but where there is an express trust there can be, in the very nature of things, no implied or constructive trust. We need not consider the cases cited by respondent from other jurisdictions, of which *Bowler v. Curler*, 21 Nev. 158, 26 Pac. 226, 37 Am. St. 501, is a type. It holds that equity will raise a constructive trust when an express contract to reconvey the property has been breached. Such a view is not only a virtual repeal of the statute of frauds, but is in clearest conflict with the decisions of this court to which reference has been made."

This doctrine was amply reaffirmed in *Brown v. Kausche*, 98 Wash. 470, 167 Pac. 1075.

Nor is this a trust *ex maleficio,* because there is no claim that there was any fraud in the original transaction. *Brown v. Kausche,* and *Arnold v. Hall, supra.*

Counsel for appellant have by their industry and ability collected a very exhaustive summary of the holdings of the different jurisdictions upon the question involved, many of which seem to indicate a contrary view. There are many cases holding that, where one secures the execution of a will in his favor upon the promise to hold the property in trust and refuses to perform the trust, the property becomes impressed with a trust *ex maleficio,* and the law raises such a trust in order to prevent the fraud which would be perpetrated if the statute of frauds were strictly construed as a bar. Likewise holding that, in a trust *ex maleficio,* it is not necessary that the original transaction be induced by fraud, but that if the devisee refuses to perform the express trust his action is thereby a fraud which dates back to the beginning, and equity will presume that the trust or contract was entered into with fraud.

To attempt to further distinguish or review the multitude of cases cited would only tend to establish the fact that many courts have, in an endeavor to prevent what seemed an injustice in the case under consideration, virtually nullified the statute of frauds by creating an exception where the statute contains none. This we are unwilling to do.

The facts sought to be proved create an express trust that is in no way evidenced by the will of either the mother or daughter, and parol evidence may not be resorted to for that purpose.

The judgment is right and is therefore affirmed.

TOLMAN, C. J., PARKER, MAIN, and BRIDGES, JJ., concur.