Lewis, Appellant, vs. Lewis, Respondent.

*March 5—April 1, 1930.*

The cause was submitted for the appellant on the brief of
*F. E. Bachhuber* of Wausau, and for the respondent on that
of *F. P. Regner* of Wausau.

FRITZ, J.   Appellant alleges that the court erred in finding
the value of the property of the parties to be $2,500; in re-
quiring plaintiff to pay $1,250 to the defendant, and giving

defendant a lien for that sum upon the wife's property; in leaving plaintiff to pay her own costs; and in burdening her with the support of the children and releasing defendant from that responsibility.

Upon a review of the record we are satisfied that the court did not err in its findings and conclusions as to extent and sources of the property of the parties and as to the amount awarded to the defendant. Under the circumstances, the court, with due regard to the legal and equitable rights of both of the parties, properly adjudged, in lieu of alimony, a final division of so much of the estate of the plaintiff as was derived from the defendant. In that connection, inasmuch as that property was in part derived from the defendant, the court properly provided for the transfer and confirmation of title thereto in the plaintiff upon the payment of the $1,250 awarded to defendant, with a lien upon that property to secure to him his interest therein until payment of that amount. In determining the amount of property to be awarded in making that final division, the court could properly take into consideration the question of costs and attorney's fees of the plaintiff, and consider a proper allowance for those items included in the property awarded to or retained by her, or make a separate award on that account. The judgment expressly provided that each party shall pay his own costs and attorney's fees, and there is no occasion for disturbing that determination.

On the other hand, the court erred in entirely absolving the defendant from his obligation to contribute to the support of such of the minor children as are still dependent. The defendant is fifty-seven years of age. Although he claims to be under a doctor's care, it does not appear that he is unable to work. He should be required to pay to plaintiff, from the date of the judgment, November 4, 1929, $5 per month per child, for the support of such child until it is fifteen years of age.

On the other hand, the payment of the $1,250 awarded to defendant should be deferred so as to be payable by the plaintiff, without interest, in instalments of $200 per year, commencing on November 4, 1930. In the event of default by the defendant in his payments for the support of the minor children, the plaintiff may set off the amount so in default, during any year, against the instalment payable to the defendant at the end of such year.

Consequently, the judgment, in so far as it relates to the time of the payment of the $1,250 to the defendant, and in so far as it does not require the defendant to contribute to the support of the minor children, must be modified as hereinbefore directed.

*By the Court.*—Judgment modified, with directions to enter judgment in accordance with this opinion.