WILL OF SECHLER: Ross and others, Appellants, vs. SECHLER, Executrix and Widow, Respondent.

*April 5—April 27, 1937.*

*D. M. Perry* of Black River Falls, attorney, and *C. L. Baldwin* of La Crosse of counsel, for the appellants.

*E. S. Jedney* of Black River Falls, for the respondent as executrix.

For the respondent as widow, there were briefs by *Ralph S. Lund* of Black River Falls, attorney, and *Higbee & Higbee* of La Crosse of counsel, and oral argument by *Mr. Jesse E. Higbee* and *Mr. Lund.*

ROSENBERRY, C. J.  The facts are not in dispute and are as follows : Gay R. Sechler and Neva May Sechler were husband and wife.  It does not appear from the record how old they were or how long they had been married, but apparently for a good many years because Gay R. Sechler at his death left surviving Gaylord Robert Sechler, a minor grandson. Gay R. Sechler owned a large amount of property, both real and personal, consisting of a general store business at Black River Falls, several farms with stock and machinery in Jackson and Clark counties in the state of Wisconsin, timber holdings and farm lands in the state of Oregon, several city lots in St. Petersburg, Florida, and accounts, claims, stocks, and securities.  Gay R. Sechler died September 11, 1934. His widow petitioned for the probate of the will in question, and on October 23, 1934, the will was duly admitted to probate and letters testamentary issued to Neva May Sechler, who was named in the will as executrix.  On April 8, 1935, the widow filed a notice in proper form of her election to take under the law instead of the provisions made in the will. Thereafter the widow petitioned the court to determine her rights in the estate.  On July 8, 1935, several creditors filed objection to such election.  In addition to petitioning for the probate of the will, the widow has accepted her allowance under the law, and has set out her separate inventory of property as allowed to her by law.

The material parts of the will are as follows :

"Know all men by these presents, that we, Gay R. Sechler and Neva May Sechler, husband and wife, of the city of

Black River Falls, county of Jackson and state of Wisconsin, being of lawful age and of sound mind and memory, do hereby make, publish and declare this instrument to be jointly as well as severally our last will and testament in the manner following and do hereby revoke all former wills and bequests.

"First: We direct the payment of all just debts, funeral expenses as well as the expenses of administering said estate.

"Second: We give, devise and bequeath all property, real and personal, of whatsoever description and wheresoever situated of which we may die possessed at the time of the decease of either of us, to the survivor, to be held by said survivor during his or her natural life, such survivor to have and to use the income and such part of the corpus of said estate as he or she may see fit, and may change any securities, sell and duly convey upon such terms and at such price as he or she may deem advisable, any real or personal property and give all necessary instruments of conveyance for such purpose, and it is our will that the survivor may at any time, he or she deems advisable, modify or change any of the provisions of this last will and testament."

Upon the decease of the survivor, the estate then remaining was to be disposed of as follows: (1) To Mrs. C. E. Thrasher the homestead and furnishings for life and at her death to the grandson, Gaylord Robert Sechler; (2) to H. H. Richards, as trustee, certain cash legacies and residuary bequests, namely: (a) $30,000 to Mrs. C. E. Thrasher; (b) $2,000 to the Sechlerville Cemetery Association; (c) the residue to said grandson, Gaylord Robert Sechler.

The sole question for determination here is the right of the wife in view of the circumstances of this case to renounce her husband's will and to elect to take under the law. Sec. 233.14, Stats. The appealing creditors urge that a woman may contract with her husband since the enactment of sec. 6.015, Stats., as if he were a stranger; that the joint and mutual will of Gay R. Sechler and Neva May Sechler is a contract as well as a will, by the terms of which each of the

parties thereto promised and agreed to pay the just debts of the other at death.

No evidence was offered other than the will itself that there existed any contract relation between the parties. The contention of the appealing creditors is that the contract may be established from the terms of the will in the light of the circumstances under which it was executed. It is well established in the law that a joint or mutual will lacking contractual elements may be revoked at any time by either testator in the same manner as other wills. *Doyle v. Fischer* (1924), 183 Wis. 599, 198 N. W. 763. See cases cited 43 A. L. R. 1024.

We are unable to discover any contractual element in the will under consideration. The will by its terms is several as well as joint. The first clause thereof directs the payment of all just debts, funeral expenses as well as the expenses of administering *said estate*. The second clause of the will provides that the survivor may at any time he or she deems advisable modify or change any of the provisions of the instrument. These provisions rebut rather than support the inference that there was any contractual relation between the parties. The greater part of the estate was owned by the husband, although some part of the real estate was held jointly. The mere fact that a man and his wife join in the making of a will in which in separate provisions each conveys his or her property to the survivor and upon the death of the survivor it is given to the same beneficiaries is not a contract even though the property be jointly owned. *Beveridge v. Bailey* (1928), 53 S. D. 98, 220 N. W. 462, and cases cited, 60 A. L. R. 619, note 627.

There is no evidence that the wife received any property from the husband as a consideration for her joining in the will. It was apparently nothing more nor less than a joint will, lacking contractual elements. The wife, after her elec-

tion not to take, is in no other or different position than she would have been in if the husband made a separate will and she had elected not to take under it. Neither the husband nor his heirs at law can be deprived of anything by reason of the reliance of the husband upon the fact that the wills were joint. Her widow's allowance and separate inventory came to her, not by reason of the will, but under the law, and she has accepted no benefits under it.

This case is a different case than *Doyle v. Fischer, supra.* In that case the will was joint, one of the testators had provided for a part of the children and the other for the remainder, and there were other circumstances which indicated that the wills had been made pursuant to a mutual agreement or understanding. In this case no legatee under the will as executed could enforce the will as written because by the terms of the will the survivor was authorized to modify it. In the *Doyle Case* the survivor had taken under the will and sought thereafter to evade its terms. Here the survivor has not accepted any benefits under the will.

There being no contract, we are not called upon to consider the effect of sec. 6.015, Stats.

*By the Court.*—Order affirmed.