[No. 31852. *En Banc.* June 5, 1952.]

*In the Matter of the Estate of* CLARA E. YOUNG, *Deceased.*
SILAS YOUNG, *Appellant,* v. CHARLES A. COPPS,
*Respondent.*[1]

*Richard J. Waters,* for appellant.

*Bert Kale,* for respondent.

WEAVER, J.—A demurrer having been sustained, appellant appeals from an order dismissing his petition.

The question presented is whether the petition states a cause of action for specific performance of a reciprocal contract to devise.

The petition alleges:

[1]Reported in 244 P. (2d) 1165.

"That heretofore on the 8th day of December 1947, W. P. Young and Clara E. *young* were husband and wife and the owners of [certain real property described], which was their community property and on that said date they did make and execute a written contract *within a joint will* in which it was agreed by both parties therein that neither of said parties would revoke said agreement or any part thereof, without the written consent of the other and this said contract was not revoked by either of said parties while living." (Italics ours.)

The joint will, signed by both Mr. and Mrs. Young, is attached to the petition as an exhibit. The pertinent portion of the will reads:

"2nd. It is the will and desire of each of us and the mutual desire of both of us that on the death of either of us all the property of the deceased party, both real and personal shall descend to and become the sole and separate property of the survivor of us so long as said survivor shall live and after the death of said survivor all of said property is *hereby* devised and bequeathed to Silas Young, . . .

"4th. This will is made in the performance of a contract hereto-made by and between us by the terms of which each of us agreed with the other to make and execute this will, and by the further terms of which we and each of us contracted that we or either of us would not revoke this will or any part thereof without the written consent of the other." (Italics ours.)

It appears from the petition that Mr. Young died first; when he died is not alleged. Nor do we know whether his will was admitted to probate. On July 6, 1949, Mrs. Young, the survivor, made a new will in which she devised all of her property to Charles A. Copps. She died May 1, 1950. The will was admitted to probate, and Mr. Copps qualified as executor.

Silas Young, son of W. P. Young and a stepson of Clara E. Young, petitioned the court to grant specific performance of the contract contained in the will, and to find that the executor of the estate of Clara E. Young held the property in trust for the petitioner.

The trial judge in his memorandum opinion, and the appellant in his brief (respondent has not filed a brief),

refer to the fact that, upon the death of Mr. Young, all of the property had been set aside to Mrs. Young in lieu of homestead. This is *not alleged in the petition* which is now before us; and, since such a decree in a prior matter is not "engrafted, ancillary, or supplementary" to the pending litigation, the trial court could not take judicial notice of it. *Swak v. Department of Labor & Industries, ante* p. 51, 240 P. (2d) 560. Under the present state of the record, we must exclude such a decree from our consideration in testing the sufficiency of the petition.

Two jural acts are pleaded, each appearing in the same instrument—a contract between the parties to make a mutual and reciprocal joint will, and such a will made pursuant to the contract. The fact that the contract is in writing removes a troublesome question discussed in many of our former decisions upon the subject. This problem is fully discussed in *In re Edwall's Estate,* 75 Wash. 391, 134 Pac. 1041.

In *Allen v. Dillard,* 15 Wn. (2d) 35, 44, 129 P. (2d) 813, we said:

"Contracts to make mutual wills are recognized under our law as valid and, when sufficient facts are proven by competent evidence, such contracts may be specifically enforced. *Prince v. Prince,* 64 Wash. 552, 117 Pac. 255; *In re Fischer's Estate,* 196 Wash. 41, 81 P. (2d) 836. . . . If there has been no attempted revocation by either party during the lifetime of both, . . . courts generally will enforce such contracts, if a valid agreement is proven; and it is the general rule that a party or a beneficiary to such a contract may maintain a suit for specific performance or some other appropriate relief."

We are not here confronted with the question of the right of either party to repudiate the contract and revoke a mutual will made pursuant to it during their joint lives, for the petition alleges that the contract was not revoked by either party while living. The will made by Clara E. Young on July 6, 1949, after the death of her husband, did not revoke the contract; it breached it, and this action is to specifically enforce the contract.

 In its memorandum opinion, the trial court sustained the demurrer on the ground that the petition did not plead the consideration for the contract and hence did not state a cause of action. With this we cannot agree. Reduced to the lowest common denominator, the petition alleges, *verbatim*, the contract, the mutual will made pursuant to it, and the death of one of the parties with the contract still in force.

In *Auger v. Shideler*, 23 Wn. (2d) 505, 511, 161 P. (2d) 200, we said:

"The mutual promises would constitute the consideration for the agreement, and the making of each will would be the consideration for the making of the other." .

In *Prince v. Prince*, 64 Wash. 552, 557, 117 Pac. 255, we said:

" ' . . . if to the making of the will be added the death of the maker without revoking it, a sufficient valuable consideration is found to bind the other party and his estate, . . . ' "

The judgment dismissing the action is reversed, with instructions to overrule the demurrer to the petition.

ALL CONCUR.