SCHWARTZ and others, by General Guardian, Respondents, vs. SCHWARTZ, Executor, and others, Appellants.

*September 11—October 9, 1956.*

406

408

For the appellants there was a brief by *Prueher & Dowling* of Bloomer, and oral argument by *Lyle J. Dowling*.

For the respondents there was a brief by *Ingolf E. Rasmus* and *James B. Halferty,* both of Chippewa Falls, and oral argument by *Mr. Halferty*.

CURRIE, J. The issue on this appeal is whether the existence of a contract on the part of the surviving spouse, whereby she agreed as survivor to distribute her property by will in a certain manner, can be reasonably inferred from the provisions of the joint will itself and the somewhat meager surrounding circumstances. If it can, then the finding of the learned trial court of the existence of such contract is not against the great weight and clear preponderance of the evidence, and the judgment must be affirmed.

The making of the new will by the surviving widow after the death of her husband revoked the joint will as her last will and testament, but, *if such revocation constituted a*

*breach of contract,* equity may grant relief to the third-party beneficiaries of such contract who have been adversely affected by such revocation. *Doyle v. Fischer* (1924), 183 Wis. 599, 606, 198 N. W. 763, 33 A. L. R. 733, and *Estate of Schefe* (1952), 261 Wis. 113, 119, 52 N. W. (2d) 375. It is the duty of equity to grant such relief where, as here, the survivor of the two testators to a joint will or to two mutually reciprocal wills, has directly benefited from the will of the first of such two testators to die by receiving property thereunder to which such survivor would not otherwise have been entitled. The law on this point is well stated in the annotation entitled, "Joint, mutual, and reciprocal wills," 169 A. L. R. 9, 48, as follows:

"A will jointly executed by two testators or one of two separate wills, containing reciprocal provisions and provisions for the benefit of third persons effective upon the death of the surviving testator, which is a fruition of a contract between the testators, cannot be revoked to the detriment of the third persons by the survivor after the death of the other testator and the acceptance of benefits derived from the will of the other which conformed to the contract, without committing a breach of contract, at least not from the viewpoint of a court of equity."

Cases holding in accord with the above-quoted rule are: *Hoff v. Armbruster* (1952), 125 Colo. 198, 242 Pac. (2d) 604; *Jennings v. McKeen* (1954), 245 Iowa, 1206, 65 N. W. (2d) 207; *Estate of Adkins* (1946), 161 Kan. 239, 167 Pac. (2d) 618; *Ankeny v. Lieuallen* (1941), 169 Or. 206, 113 Pac. (2d) 1113, 127 Pac. (2d) 735; *Home for Aged v. Nashville Trust Co.* (1947), 184 Tenn. 629, 202 S. W. (2d) 178; and *Nye v. Bradford* (1946), 144 Tex. 618, 193 S. W. (2d) 165, 169 A. L. R. 1.

The recent case of *Minogue v. Lipman* (1953), 25 N. J. Super. 376, 96 Atl. (2d) 426, voices the minority view that it is not sufficient for a third-party beneficiary to a contract,

who seeks specific performance of the contract, to merely prove the existence of the contract to make a will and the receipt of benefits by the surviving testator. In addition to this, such case holds that it is necessary to establish that such contract contained an express provision prohibiting the surviving testator from revoking his former joint or reciprocal will made pursuant to the contract. This seems to us to impose an undue burden on such third-party beneficiary. We think the better rule is that set forth in the above quotation from the annotation in 169 A. L. R. 9. When two testators enter into a contract to make a joint will, or two mutual and reciprocal wills, they undoubtedly intend such contract to be effectual, which it would not be if either party had the right to revoke or modify the contractual testamentary disposition without the consent of the other. After one of the two testators has died it is beyond his power to consent to the survivor modifying or revoking the testamentary disposition which had been agreed was to take place upon the death of the survivor.

With these principles in mind we will now turn to the facts of the instant case. Here we have a situation where the surviving testator, Kreszensia Schwartz, received all of her husband's property by reason of the joint will, when, if he had died intestate, she would only have received part. Other material facts are that the wills of both testators were embodied in a single instrument and each left all of testator's property to the survivor, the children to take upon the death of the survivor, regardless of which testator died first.

Because of these facts, we consider that the instant appeal is ruled by the decision of this court in *Doyle v. Fischer, supra.* In that case a husband and wife, each owning separate parcels of land, executed a single document which recited the same to be "our joint and several wills." By such instrument each testator bequeathed to the other spouse a life estate in testator's lands, with remainder to a certain specified

child subject to a charge of a money lien in favor of other children. A different child was named as remainderman by the wife of her land than was named by the husband of his land. The husband died first and the wife received the benefit of the life estate which he had devised to her, but she executed a new will making a different disposition of her estate than she had done in the joint will. The wife then died and such second will was admitted to probate, and the son, who was adversely affected by such changed disposition, sought specific performance of an alleged oral contract on his mother's part to will her property as provided in the joint will. The son prevailed. This court in its opinion stated (183 Wis. at pp. 607, 608) :

"Courts have frequently held that a pre-existing contract to make mutual and reciprocal wills may be conclusively inferred from the provisions of the wills themselves (especially if they be joint) in the light of circumstances existing at the time the wills were executed. [Citing authorities.] . . .

"The fact that these wills constitute but a single document, that they were executed at the same time, that each of the testators knew of the provisions made in the will of the other, that some of the children were provided for by one, and the others by the other, testator, conclusively indicates that the two wills resulted from a mutual agreement between the testators and that their provisions were in accordance with such prior agreement."

In the instant case, the fact, that the joint will provided for the same disposition among the children upon the death of either surviving testator, we deem to be insufficient to distinguish the *Doyle Case* so as to require a different result.

We consider the fact that neither the joint will in the *Doyle Case,* nor in the case at bar, recites that it was made pursuant to a contract to be wholly immaterial. The law on this point is stated by the author of the above-referred to annotation in 169 A. L. R. 9, 69, as follows:

"A will which is jointly executed may furnish in itself *prima facie* proof that it was executed pursuant to a contract between the testators, notwithstanding it does not expressly purport to have been made pursuant to contract, does not contain the word 'contract' or 'agreement,' or include an express promise that the survivor will carry out the dispositions contained in the will."

The brief of the defendants cites *Will of Sechler* (1937), 224 Wis. 613, 272 N. W. 854. However, in that case the will expressly gave the survivor the power to modify his will. Such a clause is entirely absent from the instant will.

It is our considered opinion that the finding by the learned trial court of the existence of a contract to make a will by Albert Schwartz, Sr., and Kreszensia Schwartz, is based upon the only inference which could be reasonably drawn from the facts before the court. Such contract to be effectual necessarily could not be revoked or modified by one of the parties thereto without the consent of the other. Therefore, Kreszensia Schwartz, as surviving testator, breached such contract when she executed the new will making a changed disposition of her estate. Because she benefited from such contract by receiving the entire estate of her husband under his will, equity will decree specific performance.

*By the Court.*—Judgment affirmed.