[No. 1307-2.  Division Two.  August 1, 1974.]

*In the Matter of the Estate of* RICHARD RICHARDSON, *Deceased.*
BERNICE GENSKE, *Appellant, v.* TILLIE RICHARDSON, *Respondent.*

*G. Patrick Healy* and *James M. Healy, Jr.,* for appellant.

*Edmund F. Jacobs* and *Jacobs, Steiner & Smith,* for respondent.

PETRIE, J.—On March 10, 1970, two people executed a document which bears the title "JOINT LAST WILL AND

TESTAMENT OF RICHARD RICHARDSON AND ROSE B. RICHARDSON." The opening paragraph declares:

RICHARD RICHARDSON and ROSE B. RICHARDSON, each for himself and for herself, and each being of sound and disposing mind and memory, of legal age, and not acting under the duress, fraud, menace nor undue influence of any person whomsoever, and *relying on the conditions herein made by each of them as the basis for the condition made by the other,* do hereby declare this instrument to be their *joint* will and the *several* will of each of them, entending hereby to dispose of all their property, and revoking hereby all former will made.

(Italics ours.)

The dispositive portions of the document provide:

Richard Richardson devises and bequeaths to his wife, Rose B. Richardson, all his property, if she be living at his death and shall not die within six months therefrom a common cause. But if [n]either of such contingencies shall exist then he devises and bequeaths all his property to Berenice Genske, Harold Binder and Ruth Langenbach, share and share alike.

Rose B. Richardson devises and bequeaths all her property to her husband Richard Richardson if he be living at her death and shall not die within six months therefrom a common cause, but if [n]either of such contingencies exist then she devises and bequeaths all her property to Berenice Genske, Harold Binder, and Ruth Langenbach, share and share alike.[1]

Rose died on June 11, 1972, and her estate was never probated. On July 23, 1973, Richard executed a will in which he appointed Tillie Richardson[2] his executrix and in which the entire estate was left to her. Richard died on December 16, 1973.

The document dated March 10, 1970, was presented to the court. It was admitted to probate as Richard's will and Bernice Genske was appointed executrix of the estate on

---

[1]Bernice Genske, Harold Binder and Ruth Langenbach are children of Rose Richardson by a prior marriage.

[2]Tillie Richardson was Richard Richardson's first wife, from whom he had been divorced and by whom he had two children. Both children were disinherited in each of Richard's wills.

December 19, 1973. One week later Tillie Richardson filed a petition alleging Richard's execution of the 1973 will, requesting that the order admitting the 1970 will be revoked. Tillie further requested that the 1973 will be admitted as Richard's last will, and that she be granted letters testamentary with authority to administer the estate under the terms of the 1973 will. Ultimately her petition was granted to the extent that she was directed to marshal and preserve the assets of the estate, but she was not authorized to dispose or distribute them during the pendency of this appeal.

All parties have treated Bernice Genske's role in these proceedings, in effect as an attempt to have the court specifically enforce what she asserts are the contractually binding dispositive provisions of the 1970 will. We treat her appeal in the same fashion, particularly her assertion that the trial court erred in its determination that the 1970 will "did not contain or constitute a contract to make an irrevocable joint will." Before examining the provisions of the will it would be well to recite the rule of law which governs when parties do execute contracts and supportive wills which express a mutuality of testamentary purpose.

When two parties make an agreement as to the manner of the disposition of their property after both are deceased and to make mutual wills[3] to carry such agreement into effect, and thereafter make such wills, if the surviving party causes the will of the decedent to be admitted to probate, the estate administered upon, and accepts the benefits conferred upon him by such will, he is deemed to have elected to take under the agreement and will, and cannot thereafter free himself from the obligations created thereby. *Auger v. Shideler*, 23 Wn.2d 505, 161 P.2d 200 (1945). When such contracts exist they impose fixed obli-

---

[3]The term "mutual will" is used in the strict sense, distinguished from the less significant term "reciprocal will." *Auger v. Shideler*, 23 Wn.2d 505, 511, 161 P.2d 200 (1945). *See also In re Estate of Weir*, 134 Wash. 560, 236 P. 285 (1925).

gations which will be specifically enforced. *Cummings v. Sherman,* 16 Wn.2d 88, 132 P.2d 998 (1943).

We think it is significant, in the case at bench, that Bernice Genske did not seek to probate the *combined* estates of Richard and Rose Richardson—she sought merely to probate the estate of Richard Richardson. We have been advised on oral argument that Richard and Rose executed a community property agreement and that it was used. That document is not before us, nor was it before the trial court. The execution of such a document, however, and the subsequent utilization thereof by the surviving spouse, would appear to negate an intention of the spouses to enter into an agreement (under the will) which would express a mutuality of testamentary purpose for the *ultimate* disposition of their property *after* the death of both spouses.

On the other hand, the express recital in the will that each party is "relying on the conditions herein made by each of them as the basis for the condition made by the other," is a contractual recitation, indicative of an intent to enter into a contractual relationship, and not particularly suited to nor necessary for a purely testamentary document. *See Warwick v. Zimmerman,* 126 Kan. 619, 270 P. 612 (1928); *Curry v. Cotton,* 356 Ill. 538, 191 N.E. 307 (1934).

In this jurisdiction, the testamentary disposition and the mutually binding agreement to dispose of property after death of both parties may be combined in one document. *In re Estate of Young,* 40 Wn.2d 582, 244 P.2d 1165 (1952). The existence of a contractual intention is ordinarily a fact question to be resolved by the trier of the facts. The fact that the parties declared the document to be their "several will" as well as their "joint will" does not necessarily negate an intention to enter into a binding contractual relationship. *Schwartz v. Schwartz,* 273 Wis. 404, 78 N.W.2d 912 (1956).

In the case at bench the trial court resolved the issue as a matter of law. We believe the ambiguities on the face of the document prohibit resolution of the issue as a matter of

law. Instead, the issue appears to be a factual issue which must be resolved by the presentation of evidence by the parties and the evaluation thereof by the court.

The trial court made no findings of fact, and appears to have, in effect, treated the matter either as a motion to dismiss or as a motion for summary judgment. To the extent that the trial court's order has granted either motion, it must be reversed. The issue is not whether there was a "contract to make an irrevocable joint will." Operationally, that would appear to be impossible. *See In re Estate of Edwall,* 75 Wash. 391, 134 P. 1041 (1913). The real issue, to be resolved factually, is whether or not the parties entered into a contract, manifested in part by the document dated March 10, 1970, to *ultimately dispose* of their property *after both are deceased* in the manner expressed in the March 10, 1970, document. *In re Estate of Edwall, supra; In re Estate of Krause,* 173 Wash. 1, 21 P.2d 268 (1933). Bernice Genske has the burden of persuading the trier of fact to a high probability that all required elements of the contract are truly fact. *Cook v. Cook,* 80 Wn.2d 642, 497 P.2d 584 (1972).

Reversed and remanded for trial.

PEARSON, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied September 9, 1974.

Review denied by Supreme Court November 19, 1974.