### GAUGER, Respondent, vs. GAUGER, Appellant.

*May 23—June 17, 1914.*

*Divorce: Division of property: Discretion of trial court: Proportion*
*to be awarded to wife: Unnecessary appeal: Costs.*

1. The division of property upon the granting of a divorce is pe-
   culiarly a matter resting in the discretion of the trial court,
   subject to such rules as have been established by the supreme
   court.
2. In general, a clear third of the whole property to be divided is a
   liberal allowance to the wife, subject to be increased or de-
   creased according to special circumstances.
3. In this case the trial court, after giving due weight to all mat-
   ters proper to be considered, having divided the property about
   equally between the husband and wife, such division is *held*
   to be obviously fair to the wife.
4. Under such circumstances, there being no good reason why the
   wife should have appealed to the supreme court, the husband
   is not, as he would be in ordinary cases, charged with her
   costs, other than clerk's fees, upon affirmance of the judgment.

APPEAL from a judgment of the circuit court for Brown
county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Action for a divorce. The plaintiff husband, *Herman
Gauger,* in due form pleaded a good cause for a divorce. De-
fendant, *Katie Gauger,* duly joined issue in respect thereto
and counterclaimed for a divorce on the ground of cruel
and inhuman treatment. She prevailed and judgment was
granted in her favor, and a division of property was ad-
judged.

The parties had lived together for some over twenty years.
At the time of the marriage neither of the parties possessed
any property to speak of. They commenced so living on a
farm, the property of defendant's mother. His mother gave
him $2,000 with which to acquire such farm and her mother
gave her the farm personal property valued at about $700,
and made pecuniary concessions as to the price of the farm

and terms of payment.   By united efforts of the parties they
improved and worked the farm for a period of about fifteen
years and then sold it and moved to the city of De Pere.   At
that time they possessed around $10,000 in money and prop-
erty clear from all debts.   They have two children, both mar-
ried and living in houses of their own.   When the farm was
acquired it was worth $7,000.   The personal property was
worth somewhat in excess of $700.   The purchase price of
the farm was $5,000 and the excess over that amount was a
gift from defendant's mother.   The deferred amount of
$3,000 was allowed to run at four per cent. in consideration
of defendant being the vendor's daughter.   At the time of
the division, the property possessed by the parties was some-
what less than the amount they had when the farm was sold.
The latter value was about $9,000 subject to debts to the
amount of $1,288.   The property consisted of a note and
mortgage running for some time without interest and of the
value of about $2,800, a house and lot, valued at $3,500, the
title to which had been vested in defendant, a note of $700
made by one of the sons, and a small house and eleven lots,
valued at $2,000.   The note and mortgage was for the entire
purchase money due from one of the sons for a farm the par-
ties sold to him.   At the date of the judgment the parties
were each about fifty years of age and in fair health.   The
court decided that, under the circumstances, a fair division
of the property required it to be distributed about equally.
To that end defendant was given the note and mortgage and
the small house and the lots, while he was required to pay the
debts and costs and attorney's fees amounting to $115.20,
leaving him a net amount of $4,096.80.   She was awarded
the home which cost some $4,300 and was valued at $3,500.
Defendant was dissatisfied with such division because, when
the farm was sold, she was given $1,000, which, some time
thereafter, she returned to plaintiff for investment in prop-
erty which he took title to.   It was the judgment of the

court that the property should be dealt with as an entirety. This appeal was taken solely for relief in respect to the property element.

*M. E. Davis,* for the appellant.

For the respondent there was a brief by *Kittell & Burke,* and oral argument by *J. A. Kittell.*

MARSHALL, J.    The division of property, in a case of this sort, is peculiarly a matter resting in the discretion of the trial court, subject to such rules as have been established by this court for guidance in respect to the matter.    Therefore, the trial determination must prevail unless clearly character- ized by mistake or some manifest error respecting the detail facts upon which it rests, or disregard of established guides, amounting to a pretty clear want of judicial discretion or judgment.    *Newton v. Newton,* 145 Wis. 261, 130 N. W. 105.

In making a division of property in a divorce action the ages of the parties, their condition of health, their compe- tency to earn money, the manner the property was acquired, the situation as to probable family burdens after the divorce, the nature of the property, and all other circumstances bear- ing on the question of an equitable distribution, are to be taken into consideration.    *Harran v. Harran,* 85 Wis. 299, 55 N. W. 400.

The statute, sec. 2364, requires the division to be on a fair basis, having due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties, and all the circumstances of the particular case, "all property of the husband and the property of the wife derived from him" to be considered as the subject to be dealt with.

In case of property having been contributed by or in behalf of the wife to the family possession, the title being vested in the husband by her consent and merged with his property,

and subsequently the whole entirety changed in form by sales and reinvestments, the earnings of the husband being added from time to time and ending by the title to part of the possessions being vested in the wife, all is to be treated as substantially an entirety, due consideration being given to the circumstances of its origin. *Gallagher v. Gallagher,* 89 Wis. 461, 61 N. W. 1104.

There is no precise measure by which to determine the amount to be awarded to a divorced wife out of the subject for division.

The nearest approach thereto is this: Except in some extraordinary circumstances, the maximum for the wife is one half. That may be reduced to one third or even less. *Williams v. Williams,* 36 Wis. 362; *Varney v. Varney,* 58 Wis. 19, 16 N. W. 36. The general level to start from is one third. Since the early suggestive guide in respect to the matter, it has been pretty well established that a clear third of the whole is a liberal allowance to the wife, subject to be increased or decreased according to special circumstances. *Edleman v. Edleman,* 125 Wis. 270, 272, 104 N. W. 56.

Applying the foregoing to the facts as stated, it will be seen that the learned circuit judge carefully followed the guides found in the statute and the decisions of this court. By reference to an opinion filed by him, that is made clear beyond room for reasonable controversy. It was eminently proper to treat the property as an entirety, as was done, to reduce it to money value, as near as practicable, to deduct therefrom the indebtedness, equitably and legally chargeable thereto, and divide the balance, having reference to all the matters to which we have referred. The net money value was substantially $6,594. Regardless of modifying circumstances, appellant's share would have been $2,198, and respondent's $4,396. The valuations were conservative. The full face value was placed on the property awarded to the husband. He was charged with present indebtedness, equal to

nearly one third thereof, and required to face a pending bur-
den for public improvement of some eighty per cent. of the
value of the part valued at $2,000,—a large sum which would
have to be provided in money.   It is argued that a correspond-
ing enhancement of value would result from the improvement;
but the many disappointments in such cases are almost, if not
quite, matters of common knowledge.   One without means to
pay for such large public improvements must face the danger
of being compelled to sell at any price obtainable.   The
other part of the property awarded to respondent was an in-
debtedness from his son.   Quite likely the trial court placed
a greater value thereon than respondent could realize.   It
evidently was not an available asset.   On the whole, doubt-
less, respondent would be far better off, contingent upon his
handling his property with prudence, if he had been awarded
$3,000 net instead of the property adjudged to him subject to
present and impending incumbrances.   On the other hand,
appellant, in getting the home property at some $800 less
than it cost and clear from any burden, may well be consid-
ered as having received a present money value of $3,500.
On the whole, the trial court seems to have given due weight
to her original contribution to the family capital, considered
the losses by depreciation during the married life, which
seem to have amounted to some $2,000 by reason of the sale
of a farm to the son for $1,200 less than cost and the valua-
tion of the home at $3,500, whereas it cost $4,300, and have
considered all other circumstances bearing on the subject,
and resolved such uncertainties as remained in his mind in
her favor.

We do not overlook the suggestion that appellant was given
the home property without money to maintain herself there-
in; but she is not compelled to maintain it or live in it.   In
her circumstances it would probably be folly to attempt it.
The record shows the property is rented and that she and her
mother live together and that the latter shares the expenses.

We are constrained to hold that there was no very good reason for prolonging this litigation by refusing to submit to the fair disposition of the property made by the trial court. Ordinarily, in appeals of this kind, the husband is required to pay the expenses of both sides, but that rule should not be so administered as to encourage such continuances of litigation. In case of absence of errors of law and a reasonably fair treatment of the case on the facts, there is no substantial basis for burdening the husband to enable the wife to carry on further adversary proceedings by an appeal to this court. *Von Trott v. Von Trott,* 118 Wis. 29, 41, 94 N. W. 798. The record shows that respondent was required to pay full costs taxed in favor of appellant in the court below, amounting to $40.20, also to pay $75 for services of her attorney. He now must prevail upon the ground that the division complained of is not only right, but, we must say, obviously fair. Under those circumstances, to burden him with costs in this court in excess of the clerk's fees would hardly be justifiable.

*By the Court.*—The judgment is affirmed without costs to either party, except the respondent will pay the clerk's fees.