STEINBACH, Respondent, vs. STEINBACH, Appellant.

*November 7—December 3, 1929.*

*L. P. Fox* of Chilton, for the appellant.
*Frederick Aebischer* of Chilton, for the respondent.

FOWLER, J. No definite rule can be laid down to guide trial courts in dividing the husband's estate between the parties on final division upon the granting of a divorce. The learned trial judge seems to have assumed that the wife is always entitled to some definite proportion, and that under the circumstances here involved she should receive at least one sixth. This is an erroneous conception. The division is not a problem in fractions. In every case all the circumstances must be considered, including the separate estate of the wife. The question always is, What should the wife receive, under the circumstances, in view of what she already has, and what will remain to the husband after division? We appreciate that there is sometimes a wide latitude between the extremes of allowance and that between these extremes the allowance is in the discretion of the trial judge. However, in view of the special facts that the parties had lived together so short a time, that the wife did not at all assist in the accumulation of the husband's property, that she had some property of her own, and all the circumstances, we consider that $1,500 is a sufficient allowance in this case. As the general subject of proper awards has been recently considered in *Bruhn v. Bruhn,* 197 Wis. 358, 222 N. W. 242, and in *Kalbakken v. Kalbakken,* 199 Wis. 501, 227 N. W. 11, we see no reason for further discussion here.

The rules of the court were disregarded by appellant's counsel in preparing both brief and case. No costs will be allowed for their printing, and costs against the respondent will be limited to clerk's fees.

*By the Court.*—The judgment of the circuit court is modified by substituting $1,500 instead of $3,300 as the award to the plaintiff, and as so modified is affirmed.