VOEGELI, Appellant, vs. VOEGELI, Respondent.

*March 11—April 7, 1931.*

The cause was submitted for the appellant on the briefs of *Glanz & Glanz* of Milwaukee, and for the respondent on

the brief of *Ruppa & Bortin*, attorneys, and *Corrigan & Backus* of counsel, all of Milwaukee.

WICKHEM, J.   The parties were married April 13, 1929, at which time the plaintiff was thirty years of age and the defendant forty-five years of age.   They lived together as husband and wife for seven months.   Plaintiff is a draughtsman earning about $200 a month, and the defendant is a trained nurse by profession.   The parties have no children. Plaintiff and defendant owned in common a bungalow, which was purchased one month after the marriage and in which there is an equity of between $1,834 and $2,000.   In addition to the equity in this property, plaintiff admits having $300 in the form of bonds in Switzerland in the hands of his parents, and $110 on deposit in the bank in Milwaukee.   According to defendant, the amount of plaintiff's property in Switzerland is $2,500.   Her information comes from reading a report sent to plaintiff by his parents.   The dispute between the parties is obviously as to whether the term "2,500" refers to francs or dollars.   According to plaintiff, he had 2,500 francs or $500 in Switzerland, and withdrew $200 to build a garage, leaving $300 on deposit with his parents in Switzerland.   According to the defendant, he had $2,500 in Switzerland after drawing out $200 to build a garage.   The court does not make any finding of fact with reference to this dispute.

At the time of her marriage defendant had a separate estate of approximately $1,000.   Of this amount she appears to have had left at the time of the trial about $480.   The balance seems to have been invested in furniture, food, and other contributions to the matrimonial venture.   The decision of the trial court which accompanied the findings indicates that the court has attempted to return to the defendant these contributions, as well as to divide the estate.   It is evident that the court allowed to the defendant about $1,000

as her share in the division of the estate. On plaintiff's showing, he was worth $2,400, and the allowance was about forty per cent. of the plaintiff's property. Assuming defendant's contention to be correct, he was worth $4,600 and defendant's allowance would amount to twenty-two per cent. It has frequently been held in this state that the division of property in such a case as this is a matter peculiarly within the discretion of the trial court, and that its determination must prevail in the absence of "mistake or some manifest error respecting the detail facts upon which it rests, or disregard of established guides, amounting to a pretty clear want of judicial discretion or judgment." *Gauger v. Gauger,* 157 Wis. 630, 147 N. W. 1075. In making such a division, the age of the parties, their health and ability to earn money, the nature of the property and the manner of its acquisition, together with all of the circumstances bearing on the question, must be considered. *Gauger v. Gauger, supra; Steinbach v. Steinbach,* 200 Wis. 208, 227 N. W. 879. In general, an award of one third of the husband's estate is regarded as a liberal allowance. *Gauger v. Gauger, supra; Hiecke v. Hiecke,* 163 Wis. 171, 157 N. W. 747. However, as is stated in *Steinbach v. Steinbach, supra,* "The division is not a problem in fractions. In every case all the circumstances must be considered, including the separate estate of the wife."

In this case, considering that the marriage had subsisted for only seven months, an allowance of forty per cent. of the husband's estate would seem to be unduly large unless the other circumstances of the case tend to justify the award. This requires a consideration of the circumstances. The plaintiff was found to be at fault and the defendant blameless. By reason of plaintiff's misconduct, defendant's health and earning power are found to have been at least temporarily impaired. The defendant has almost no property immediately available for her support. The plaintiff earns

about $200 per month and could quite easily pay a substantial amount of alimony indefinitely. The form of the final division permits the plaintiff to discharge the amount in reasonable instalments. The amount of the final settlement is identical with that contained in plaintiff's requested findings of fact and conclusions of law. Under all these circumstances we have concluded that the award cannot be said to constitute an abuse of discretion.

Plaintiff further contends that defendant has waived her right to costs in this case. Sec. 270.66, Stats., provides:

"Whenever a finding shall be filed or a verdict rendered the successful party shall perfect the judgment and cause it to be entered thereon within sixty days after such filing or rendition, and if he neglect or fail so to do the clerk of the court shall prepare and enter the proper judgment, but without costs to either party. The neglect or failure of such party to so perfect and enter judgment shall be deemed a waiver of his right to the accrued costs in the action; . . ."

In this case the defendant taxed her costs and entered judgment seasonably, leaving the amount of the costs blank. The clerk neglected to insert the amount of the costs in the judgment. Plaintiff cites several cases which are claimed to establish his contention that under these circumstances defendant has waived her right to costs. *Kelly v. Owen,* 63 Wis. 351, 23 N. W. 583; *Crocker v. Currier,* 65 Wis. 662, 27 N. W. 825; *Fox River F. & P. Co. v. Kelley,* 70 Wis. 305, 35 N. W. 542; *McDonough v. Milwaukee & N. R. Co.* 69 Wis. 358, 34 N. W. 120; *Milwaukee Masons & B. Asso. v. Niezerowski,* 95 Wis. 129, 70 N. W. 166. It is clear from reading these cases that in each of them the prevailing party was guilty of some default. It is our conclusion that the waiver provided for by sec. 270.66 follows from some neglect or failure on the part of the party entitled to judgment. It is clear that there was no such neglect or failure

here. Defendant had taken all the steps to perfect the judgment which were in her power, and there was left only a ministerial duty on the part of the clerk to enter the amount of the costs in the judgment.

*By the Court.*—Judgment affirmed.