PERLOFF, Plaintiff, vs. PERLOFF, Defendant.   [Cross-appeals.]

*December 10, 1931—January 12, 1932.*

For the plaintiff Frieda Perloff there was a brief by *Bouck, Hilton, Kluwin & Dempsey,* and oral argument by *Henry Hughes,* all of Oshkosh.

For the defendant Jacob Perloff there was a brief by *Barber, Keefe, Patri & Horwitz* of Oshkosh, and oral argument by *Frank B. Keefe.*

FAIRCHILD, J.   The evidence amply sustains the findings and conclusions of the court as to the cruel and inhuman treatment of the defendant by the plaintiff.   Her habit of scolding and accusing him of conduct of which he was not guilty upon his return home from his work at night and continuing to upbraid him so that he could not secure proper rest, made it impossible for him to continue to live with her; her misconstruction of acts and using them as foundations for serious charges against him warranted the trial court in concluding that a divorce was proper and that a final division of the estate would be more conducive to the health and happiness of the interested parties than any other adjustment of affairs.

It does appear that the plaintiff was given an opportunity to choose between a division of the estate and alimony, and she may have been somewhat influenced in her choice by the amount which the court suggested he might fix as a complete division of the estate. But on the facts disclosed by the record we are of the opinion that the court wisely determined upon a division as against a continuing relation such as would exist in case an alimony allowance was made, because the bitterness manifested by plaintiff would undoubtedly result in frequent motions to modify and change any order made by the court and keep the parties in a disturbed and unhappy state of mind. This leaves to be determined the question of the amount that should have been given the plaintiff upon a final division of the property.

The court below found the defendant possessed of property to the amount of $5,500 and about $600 worth of household furniture. There is evidence which might have supported a finding that his total estate would amount to $6,985.46, but with a reasonable deduction for possible loss of outstanding accounts and other liabilities it seems that the finding of the court is about correct.

The judgment awarded the plaintiff the care and custody of the minor child and made provision therefor, and as a final division of property determined that the defendant was to pay the plaintiff $5,000 in cash within fifteen days and that she should also have the household furniture. The amount so awarded to the plaintiff was practically the whole estate. To raise this amount of money the defendant would have to part with everything he owned or incumber it to its full value, and in this estate is an automobile which was estimated to be worth $1,500.

We are of the opinion that under the controlling facts and circumstances of this case the greatest allowance to plaintiff which can fairly be made, considering the interests of both parties, as such final division, is $2,000 and the household furniture. *Roder v. Roder,* 168 Wis. 283, 169 N. W. 307;

*Bruhn v. Bruhn,* 197 Wis. 358, 222 N. W. 242. The amount awarded to the plaintiff should be reduced to that amount. The allowance of $30 per month for support and maintenance of the minor child is affirmed.

*By the Court.*—The judgment of the court below is modified by changing the judgment where it provides for payment of $5,000 by defendant to plaintiff within fifteen days from the date of the judgment to $2,000 within sixty days from January 15, 1932, and as so modified the judgment is affirmed. No costs are allowed on this appeal except that the defendant pay the clerk's fees.