QUIGLEY, Appellant, vs. QUIGLEY, Respondent.

*October 12—November 9, 1943.*

96

*Lewis I. Cohen* of Milwaukee, for the appellant.
*Cyrus D. Shabaz* of Milwaukee, for the respondent.

MARTIN, J. The contest is on the division of the property of the parties. The trial court recognized that its disposition of the case was somewhat unusual. The court said:

"But it is made because of circumstances which are seldom found in this sort of litigation. If it is without precedent, I think it is safe to say that precedent for a similar situation is not to be found. Here the husband is allowed less than is ordinarily given him; but I do it because I am satisfied that it is all that can be provided for him and for the further reason that I have the best reason for believing that whatever he receives will be his for only a short time. His conduct in the past predicts that very definitely."

It will be noted from the facts found that defendant takes the farm and personal property subject to an indebtedness of $4,945.45. The findings are as to the net value of both real estate and personal property. The situation would be quite different if the court was dealing with clear values, free of incumbrances. It is apparent that the trial court was confronted with the situation of saving a home for the mother and the minor children, having in mind the contribution made by both the mother and the children in accumulating their property. With reference to that phase of the case the court said:

"Their income, from which the value has resulted, is from the operation of a hog farm conducted and operated largely by the labor of the defendant and her children and with little help from the plaintiff. His habits have been such that there is no doubt in my mind that if he were given the farm and personal property they soon would be dissipated, leaving nothing for the family. This is especially true since it appears clearly that the children have lost all confidence in their father and would refuse to stay with him to operate the farm. Left alone in the management of the farm the property would disappear very shortly. Under the circumstances the court is compelled to determine that defendant should have the farm and personal property charged however with the requirement that she should pay plaintiff some amount as his portion of the estate of the parties."

Sec. 247.24, Stats., so far as material, provides:

"In rendering a judgment of nullity of marriage or for divorce, whether from the bond of matrimony or from bed and board, the court may make such further provisions therein as it shall deem just and proper concerning the care, custody, maintenance, and education of the minor children of the parties."

In considering the division made, the order as to the minor children must be taken into account. The judgment provides that "the defendant be awarded the care and custody of the minor children of the parties and that their maintenance and support are her obligation; that the plaintiff be relieved of further payments for the support and maintenance of the minor children of the parties." The plaintiff is given the right of visitation with the minor children. In *Hiecke v. Hiecke,* 163 Wis. 171, 178, 157 N. W. 747, the court said:

"The well-established rule is that, in general, a liberal amount to be allowed to the divorced wife is one third in money value of the husband's property. That may be increased to one half or more for special circumstances." Citing cases.

The court below took into consideration the nature of the property and the manner of its acquisition. Of the purchase price of the original ten acres of the farm, which was purchased for $3,800, defendant contributed $1,700 which she had received as an inheritance. This purchase was made more than twenty-five years ago and title was taken in the joint names of the parties. From the evidence the trial court concluded that the value of the estate accumulated by the parties was due largely to the labor of the defendant and the children. As said in *Voegeli v. Voegeli,* 204 Wis. 363, 365, 236 N. W. 123, quoting from *Steinbach v. Steinbach,* 200 Wis. 208, 227 N. W. 879: "The division is not a problem in fractions. In every case all the circumstances must be considered, including the separate estate of the wife." In the instant case the wife has

no separate estate, other than her interest in the property in question. The division of property was peculiarly within the discretion of the trial court. Its determination must prevail in the absence of "mistake or some manifest error respecting the detail facts upon which it rests, or disregard of established guides, amounting to a pretty clear want of judicial discretion or judgment." See *Voegeli v. Voegeli, supra,* p. 365. There was no abuse of judicial discretion or judgment in the instant case.

*By the Court.*—Judgment affirmed.