Hoffman, Respondent, vs. Hoffman, Appellant.

*May 31—June 28, 1955.*

358

For the appellant there was a brief by *Van Susteren & Bollenbeck* of Appleton, and oral argument by *Urban P. Van Susteren.*

For the respondent there was a brief and oral argument by *Edgar E. Becker* of Appleton.

MARTIN, J. The parties were married in 1939. Two children were born of the marriage, a girl and a boy, aged eleven and four years, respectively, at the time of this judgment. The divorce action was commenced in October of 1952, and the original judgment was entered July 2, 1953. Following that judgment, which ordered the payment of $50 per week alimony and support money, a number of contempt proceedings were had upon defendant's failure to make the payments, and in 1954 plaintiff applied to the court for a final division of property.

At the time of the divorce the parties' joint possessions included a 59-acre farm, machinery, animals, and various household goods, all of which was appraised at $15,380.25. A mortgage on the farm and other indebtedness reduced the net value to $10,780.25. This amount the trial court divided equally between the parties. Certain household furniture in plaintiff's possession as the result of the earlier judgment

was awarded to her and defendant was awarded that of which he was in possession, together with a 1951 automobile.

The sum of $5,390 due the plaintiff together with her attorney fees and the arrearage of support money, then determined to be $990, were made a lien upon the farm and personal property of the defendant until paid. Defendant was also ordered to pay $40 per week for the support of the two children until the final division of property was completed and $20 per week thereafter.

The division of property in divorce cases is a matter peculiarly within the discretion of the trial court, and depends upon the circumstances of the particular case.

". . . the ages of the parties, their condition of health, their competency to earn money, the manner the property was acquired, the situation as to probable family burdens after the divorce, the nature of the property, and all other circumstances bearing on the question of an equitable distribution, are to be taken into consideration." *Gauger v. Gauger* (1914), 157 Wis. 630, 632, 147 N. W. 1075.

We cannot agree with defendant's contention that an equal division of property in this case was an abuse of the court's discretion. Plaintiff brought to the marriage $700 which she received from her parents and at that time defendant owned only a three-year-old car. During the fourteen years of the marriage plaintiff worked on the farm with the defendant, in the fields, and at the various chores, and contributed as much to the acquisition of their property as he did.

In 1943 plaintiff underwent brain surgery and in 1947 and 1951 was hospitalized because of nervous breakdowns. She is now unable to work except in maintaining a home for herself and the children.

On the other hand, defendant is thirty-nine years old and in good health. After the property division is made, he will have no further obligation to support the plaintiff. No award

of alimony was made. In the recent case of *Bunde v. Bunde* (1955), ante, p. 226, 70 N. W. (2d) 624, where there had been both a property division and alimony, this court, in considering an application for the reduction of alimony, pointed out that there is an interrelation between the two and that where only a small amount of property is awarded in the division of assets, a larger amount of alimony will be granted than in the case where the value of the property awarded to the wife is greater. Here, where there is no provision for alimony, the trial court is justified in making a larger award of property to the wife than if the defendant were required to contribute to her future support.

In effect, defendant's contention is that the trial court would not have awarded one half of the property to the wife had it not erroneously viewed the evidence with respect to the husband's misconduct. He contends that it was influenced by the plaintiff's testimony that defendant had engaged in gross misconduct toward the minor daughter of the parties. He asserts that it was error for the court to deny cross-examination of the plaintiff as to her mental condition at the times referred to—whether she then had hallucinations. In our opinion, the trial court properly sustained objection to the question. If defendant desired to show that plaintiff was imagining the things she testified to, he could have proved it by the competent testimony of other witnesses or the introduction of documentary evidence, but he produced none. There is, however, no evidence in the record that the trial court was moved by the testimony in question to punish defendant for the alleged misconduct by granting the wife more than her just share of the property. Nor is there evidence that its determination as to the property division was affected, adversely to defendant, by its previous finding that he had "pursued a course of extreme cruel and inhuman treatment toward the plaintiff."

Some argument is made in the defendant's brief that the trial court was mistaken in arriving at the sum of $990 as arrearage, referring to a list of payments purportedly compiled from the records of the clerk of court. Those records were not introduced in evidence and we cannot give the list referred to any consideration on this appeal.

It is claimed that the amount of arrearage and the plaintiff's attorney fees, which defendant was ordered to pay, increase the property division to more than 50 per cent in plaintiff's favor, but the argument has no merit. These amounts are no part of the final division of assets.

Defendant contends the requirement to pay the sum of $5,390 plus the arrearage within thirty days places an impossible burden upon him and the court should have permitted him to make weekly or monthly payments. This was discretionary with the trial court who knew the situation far better than this court. The record of contempt proceedings shows that the court had reason to conclude that defendant would be no more diligent in making instalment payments of the sums due under this judgment than he had been in paying the alimony and support money ordered in the original judgment. More than two and one-half years have elapsed since the action was commenced and plaintiff is dependent upon the money due under this judgment for the maintenance of a home for herself and the children. Under all the circumstances, it is our opinion that the trial court properly exercised its discretion in the matter.

*By the Court.*—Judgment affirmed.