Burg, Appellant, vs. Burg, Respondent.

*September 9—October 8, 1957.*

For the appellant there was a brief and oral argument by *Alvin L. Zelonky* of Milwaukee.

For the respondent the cause was submitted on the brief of *Cyril C. Foster* of Milwaukee, attorney, and *Luke J. Kauth* of West Bend of counsel.

MARTIN, C. J.    Appellant complains that the division of property takes substantially everything from him and gives it to the respondent; that, contrary to sec. 247.26, Stats., the trial court did not give due regard to his legal and equitable rights. While the division would appear to be one-sided in the wife's favor, there are a number of factors in this case which, in our opinion, justify the trial court's determination in that respect.

For a period of two years while the parties lived in Milwaukee the wife took in roomers and the room rent contributed to the improvement of their property and the family savings. On the basis of respondent's undisputed testimony it is reasonable to say that that contribution amounted to approximately $3,000. Realizing $4,500 from the sale of the Milwaukee home in 1950, the parties paid that amount

down on the Newburg farm. In awarding the respondent the homestead property, the trial court undoubtedly took into account the fact that she had contributed probably more than half its net value at the time of the division.

What is the most important factor, however, is that respondent has the custody of the four children, aged sixteen, thirteen, eight, and five at the time of trial. She needs a home for these children; they need her care and attention and will need it for some time. Respondent is under doctor's treatment for a heart ailment; she is unable to do any work but housework, and if she got a job she would have to hire someone to look after the children. On the other hand, respondent can realize about $125 a year income from the farm, and she provides room and board to an uncle who pays her $10 a week and works the land.

We consider the allowance to the wife in this case as being to a large extent for the benefit of the children. Considering the welfare of the children, no fair and reasonable alternative to awarding respondent the homestead property was presented to the trial court; appellant suggested none either at the trial or on this appeal. In fact, it appears to us that had the trial court simply divided the property according to some theoretically equitable one-third or one-half formula, such a determination would undoubtedly have resulted in greater burdens to the appellant in the future than those of which he now complains.

"The division of property in divorce cases is a matter peculiarly within the discretion of the trial court, and depends upon the circumstances of the particular case.
" '. . . the ages of the parties, their condition of health, their competency to earn money, the manner the property was acquired, the situation as to probable family burdens after the divorce, the nature of the property, and all other circumstances bearing on the question of an equitable distribution, are to be taken into consideration.' *Gauger v. Gauger* (1914), 157 Wis. 630, 632, 147 N. W. 1075."

*Hoffman v. Hoffman* (1955), 270 Wis. 357, 359, 71 N. W. (2d) 401.

Considering the small size of this estate and all the other circumstances which were presented, we see no abuse of the trial court's discretion in the division made.

Nor do we see any reason to disturb the judgment in any other respect. As to the desirability of retaining jurisdiction on alimony, the record discloses a set of facts quite different from those in *Hansen v. Hansen* (1951), 259 Wis. 485, 49 N. W. (2d) 434, relied on by appellant. There the divorce was granted to the husband because of the wife's misconduct, the husband was given custody of four of the parties' six children, and there was nothing in the record to indicate that the wife might need alimony in the future. Here the divorce is granted to the wife on the ground of the appellant's misconduct; she has custody of all four children; and there is evidence respecting her health which might give rise to a future need for alimony.

Appellant maintains that the support-money award of $140 per month for the four children is excessive and arbitrary in view of the amount of his earnings. His monthly net take-home pay is about $310. It is true he has other obligations, but we cannot concur in the view that it is impossible for him to pay the support money ordered by the court. It will undoubtedly be inconvenient, even difficult, for him to do so; he may be unwilling to make the personal sacrifices necessary to do so; but the court's primary concern is the need of the children, and appellant does not suggest that the amount awarded is excessive when viewed in that light.

All of the matters on which appellant seeks reversal or modification of the judgment are matters within the discretion of the trial court and in our opinion the court exercised that discretion judiciously and with due regard to the rights of the parties under the particular circumstances of this case.

*By the Court.*—Judgment affirmed.

STEINLE, J. (*dissenting*). Granting that it is well established in this state that division of property in divorce proceedings depends upon the particular facts of the case and rests in the sound discretion of the court, and that the division is not a problem in fractions, and that the disposition shall be equitable, just, and reasonable, nevertheless, notwithstanding the rather low value of the estate of the parties and the requirements of the wife for herself and children in the case at bar, I cannot concur in the view that it was proper to have awarded all of the property to the wife besides having made potential provision for substantial alimony payments to her in the future.

"Division" means to divide in parts. "Whole" means not to divide in smaller parts. The award of the whole of the property to the wife and nothing to the husband, in my view, was not division of property such as is contemplated by sec. 247.26, Stats. I find in the statutes no authority, express or implied, permitting a division of estate in lieu of support allowance (in whole or in part) for the minor children of the parties to the suit. Recognizing that under sec. 247.30 payments for support money for the minor children of the parties may be imposed as a specific charge against real estate awarded to a husband in a division of the estate, or that the husband may be required to furnish sufficient security for the payment of the support allowance for the minor children, nevertheless I believe that it was not proper in the instant case to award to the wife the husband's share of the division of the estate as a supplement to the support allowance decreed for the children, if such was within the contemplation of the court here.

While I would be obliged to concede that under the facts in this case the court was entitled to properly make an award of more than one half of the estate to the wife particularly because of her own contributions to the amount of the estate, I do not believe that it was equitable, just, and reasonable to

have obliged the husband to part with practically all that he owned. In *Perloff v. Perloff* (1932), 206 Wis. 565, 240 N. W. 126 (decided before the statute permitted award of both division of estate and alimony), the entire value of the property of the parties exclusive of furniture was $5,500. The court awarded to the wife the sum of $5,000 and the furniture valued at $600. The husband was directed to contribute $50 toward the wife's attorney fees. This court reduced the award to $2,000 and the furniture. In that case this court, speaking through Mr. Justice FAIRCHILD, said (p. 567) : "The amount so awarded to the plaintiff was practically the whole estate. To raise this amount of money the defendant would have to part with everything he owned or incumber it to its full value, . . ."

In *Steinbach v. Steinbach* (1929), 200 Wis. 208, 227 N. W. 879, the court, speaking through Mr. Justice FOWLER, said (p. 210) : "In every case all the circumstances must be considered, including the separate estate of the wife. The question always is, What should the wife receive, under the circumstances, in view of what she already has, and *what will remain to the husband* after division?" (Italics supplied.)

In *Quigley v. Quigley* (1943), 244 Wis. 94, 97, 11 N. W. (2d) 638, the parties to the divorce action owned a farm and other property valued at about $7,050 which was incumbered by mortgages in the amount of $4,200 together with accrued interest and taxes of $250. They also owned farm machinery, livestock, and other personal property, the net value of which was slightly in excess of $5,700. Nine children were born to the marriage, five of whom were still minors when the divorce action was commenced. The court found that the husband had been guilty of cruel and inhuman treatment for more than five years and also that he had been an habitual drunkard. The trial court observed that " 'if he were given the farm and personal property they soon would be dissipated, leaving nothing for the family.' " The

property was awarded to the wife, but the court directed payment of $2,500 to the husband by the wife in instalments, and the husband was given an equitable lien on the property. Such arrangement was approved by this court on appeal.

While in the case at bar the record establishes that the wife assisted the husband in the accumulation of their estate by taking in roomers for two of the seventeen years of their married life, it is undisputed that the husband worked throughout the entire married life and at one time held down two jobs. Regardless of his mistreatment of the wife or the needs of the family, I cannot believe that, under the spirit of the statute or the letter of the decisions of this state, it was proper to have deprived him of all right to the property which the parties had accumulated. As in *Quigley v. Quigley, supra,* there ought to have been awarded to him an amount equal to 20 per cent to 25 per cent of the value of the assets of the parties with payment due in the future, and with an equitable lien against the property until such amount was paid. Trial courts may not be arbitrary in matters of division of estate. They may in dividing the estate exercise a reasonable discretion within limitations of standards well established under the decisions of this court, but to deprive a husband of all that he possesses, in my opinion, is to exceed the exercise of the discretion so permitted.

I am authorized to state that Mr. Justice CURRIE and Mr. Justice FAIRCHILD join in this dissenting opinion.