WINGAD, Respondent, vs. WINGAD, Appellant.

*November 7—December 3, 1957.*

For the appellant there was a brief and oral argument by *Darrell O. Hibbard* and *Frank E. Betz,* both of Eau Claire.

For the respondent there was a brief and oral argument by *F. E. Yates* of Eau Claire.

BROADFOOT, J. The defendant first contends that the trial court's finding of cruel and inhuman treatment is not sustained by the evidence. The defendant argues that the only proof adduced by the plaintiff upon the trial was as to three or four trivial and unrelated incidents that neither separately nor collectively support the trial court's finding. The trial court in its memorandum decision said:

"Plaintiff's proof was not abundant but it was sufficient to satisfy the court, as the trier of the facts, that defendant's conduct toward him did in fact constitute cruel and inhuman treatment."

The record reveals that the parties were married on June 1, 1952, at Eau Claire, Wisconsin. This was the second marriage for the plaintiff and the third marriage for the defendant. On August 30, 1956, the plaintiff left the home of the parties and thereafter lived elsewhere. No acts of violence were claimed. In addition to the incidents referred to by the defendant, the record establishes that there were arguments about finances and that the defendant often complained about the plaintiff's conduct with no apparent basis. No useful purpose will be served by a detailed review of the testimony. In its memorandum decision the trial court quoted from *Cudahy v. Cudahy,* 217 Wis. 355, 358, 258 N. W. 168, as follows:

"By hypothesis, the conduct of defendant would not in any of its single instances constitute a ground for divorce. It was the continuity and the persistence of this conduct that ultimately gave plaintiff a cause of action."

The defendant cites several Wisconsin decisions that she claims support her contention. We have carefully reviewed the record. The findings of the trial court may not be set aside unless against the great weight and clear preponderance of the evidence. We cannot say that the court's finding

as to cruel and inhuman treatment is against the great weight and clear preponderance of the evidence. Therefore its finding must be affirmed.

The defendant next contends that the trial court erred in its division of property. The trial court found that at the time of the marriage each of the parties had a separate estate; that the plaintiff at the time had a net worth of $27,391 and that the defendant then had a net worth of $3,300. Following the marriage the parties lived in a home owned by the defendant. At that time the plaintiff also owned a home which was rented and which he later sold. The proceeds from the sale of the plaintiff's home were invested in common stocks. Each of the parties was employed during the entire period of the marriage. The plaintiff earned approximately $273 per month and the defendant earned approximately $2,900 per year. At the time of the marriage the defendant's home was incumbered by a $3,000 mortgage, which was paid during the marriage. Their earnings were deposited in a joint checking account in the bank and both parties drew checks thereon. The parties constructed a new home and moved into the same in the spring of 1955 and they continued to live in that home until the plaintiff moved out.

By the division of property ordered by the trial judge the defendant was awarded property with a net value of $10,000 while the property awarded to the plaintiff had a net value of $31,726. The defendant contends that her property should not have been taken into account in the division and that she was entitled to retain her separate property and to be awarded one third of plaintiff's net estate, amounting to approximately $10,000. The defendant relies principally upon the language in the case of *Gauger v. Gauger,* 157 Wis. 630, 147 N. W. 1075, wherein this court stated that the general level to start from is one third. In that case the parties when married had nothing. They received some contributions

from their parents but the estate was built up largely through their joint efforts. In this case the trial court took into consideration the relatively short duration of the marriage and the fact that substantially all of plaintiff's property had been accumulated before the marriage from the joint efforts of himself and his former wife.

In the division the trial court placed a conservative value on the home. He used the same value thereon at the time of the divorce as at the time of the marriage although the record establishes that a new furnace had been installed and other improvements made that enhanced its value. Her financial position was substantially improved during the marriage and as a result of the division of the property. These and other factors may be taken into consideration in arriving at an equitable division of property in lieu of alimony. At the time of the divorce the plaintiff was sixty-three years of age and the defendant was fifty-seven.

The division of property in an action for divorce is peculiarly a matter in which the trial court must exercise discretion. Prior decisions of this court establish rules for the guidance of the trial court in the matter and those guides were taken into consideration by the trial court. A review of the record indicates that it exercised a proper discretion and that the division of property as ordered was fair and equitable.

Finally the defendant contends that the trial court erred in failing to comply with the provisions of sec. 247.37 (3), Stats., which provides that it shall be the duty of every judge who shall grant a judgment of divorce to inform the parties appearing in court that the judgment, so far as it affects the status of the parties, will not become effective until one year from the date when such judgment was granted. It will be noted that this case was tried by the circuit judge from an-

other circuit located more than a hundred miles from Eau Claire. After hearing the testimony he took the matter under advisement and requested briefs. The trial court's decision was made in his own circuit and made known to the parties by means of a memorandum decision. This memorandum decision contained the information required by the statute above cited. The same statutory requirements were embraced in the formal judgment, and the defendant's attorney received copies of both of said documents. The defendant contends that the statute can only be complied with if the trial judge gives to the parties the information required by statute in open court. No case is cited in support of that contention. The rule argued for by the defendant would be impractical in a situation such as is presented here. It would be a burdensome requirement to compel the trial judge to make a trip from Appleton to Eau Claire to inform the parties. The defendant received the proper information in the language of and over the signature of the judge. That is apparent because she makes that one of the reasons for her appeal. There is no showing that the defendant was in any way misled or prejudiced because she received the information in writing and not orally from the judge in open court. There was substantial compliance with the provisions of the statute, and we find no error.

*By the Court.*—Judgment affirmed.