KRONFORST, Respondent, v. KRONFORST, Appellant.

*September 6—October 1, 1963.*

For the appellant there was a brief and oral argument by *Urban P. Van Susteren* of Appleton.

For the respondent there was a brief and oral argument by *Edgar E. Becker* of Appleton.

CURRIE, J.   The issue on this appeal is whether the trial court abused its discretion with respect to division of the estate and award of permanent alimony to the wife.

### Division of Estate.

In making division of the estate the trial court divided the estate of the parties as follows: [1]

---

[1] The trial court inadvertently determined the net value of the homestead to be $20,665.69. The mathematically correct figure should be $20,655.69. A similar mathematical miscalculation was made in arriving at the gross value of defendant's award, which should be $32,687.96, rather than the figure stated in the trial court's memorandum decision. These corrections have been considered in passing upon the propriety of the division of estate made by the trial court.

*To the Plaintiff:*

1. Homestead ..........$28,800.00
   Less net balance
      on mortgage........ 8,144.31

       Net value......      $20,665.69
2. Household goods in her
   possession, including
   garden mower ...... 2,185.00
3. Diamond rings in her
   possession ......... 250.00
4. Cash ............... 3,500.00

       Total .........      $26,600.69

*To the Defendant:*

1. Four unimproved lots..$15,400.00
2. Household goods in
      his possession ..... 500.00
3. Diamond rings in
      his possession ...... 700.00
4. Interest in profit-
      sharing trust ...... 9,749.00
5. Gassner property ..... 2,000.00
6. Badger Northland stock 400.00
7. C. O. F. paid up life
      insurance .......... 718.96
8. Cash surrender value
   Travelers life insur-
      ance ............. 3,220.00

       Total .........      $33,687.96

In setting forth the above division we have accepted the value determinations made by the trial court. While some of the values are attacked by defendant we do not find the same against the great weight and clear preponderance of the evidence.

From the $33,687.96 awarded to defendant there should be deducted therefrom the following:

Cash payment awarded to plaintiff.... $3,500.00
Amount defendant is ordered to pay for
    arrearages under the family court
    commissioner's order for temporary
    alimony and suit money together with
    additional attorney fees and costs... 1,678.30

      Total ................... $5,178.30

After deducting this $5,178.30 from the $33,687.96 of estate awarded to defendant it results in defendant's being awarded a net estate of $28,509.66. In percentages, plaintiff was thus awarded approximately 49 percent, and defendant approximately 51 percent, of the net estate.

Plaintiff contends that the $1,678.30 representing the arrearages under the temporary order, and additional attorney fees and costs, should not be deducted from the amount of estate awarded defendant in computing his net estate under the division, and cites the following statement made by this court in *Hoffman v. Hoffman* (1955), 270 Wis. 357, 361, 71 N. W. (2d) 401:

"It is claimed that the amount of arrearage and the plaintiff's attorney fees, which defendant was ordered to pay, increase the property division to more than 50 per cent in plaintiff's favor, but the argument has no merit. These amounts are no part of the final division of assets."

We deem it advisable to qualify the above-quoted statement in the *Hoffman Case* to the following extent: While arrearages under the temporary order for alimony and attorney fees and costs, which the husband is required to pay, do not constitute part of the wife's division of the estate, nevertheless, they are a charge against the entire estate and should be deducted either from the gross estate in determining the net estate available for distribution between the parties, or from the assets awarded to the husband. Defendant

complains that the division made by the court does not take into consideration the $1,400 bank indebtedness of defendant representing the loans he claims to have made in order to comply with the temporary order of the family court commissioner. The trial court refused to take this indebtedness into consideration because of defendant's failure to account for the $7,500 proceeds of sale of land in 1961. We find no abuse of discretion on the part of the trial court in so doing.

The division of estate made in a divorce or legal separation is always subject to review by this court on the ground that it is excessive. *Lindahl v. Lindahl* (1963), 19 Wis. (2d) 379, 389b, 120 N. W. (2d) 142, 121 N. W. (2d) 286. See also *Bruhn v. Bruhn* (1928), 197 Wis. 358, 361, 222 N. W. 242. If this court determines that the division of estate is excessive under all the circumstances, such division is held to constitute an abuse of discretion.

This court has repeatedly recognized that the division of an estate in this type of action is peculiarly within the discretion of the trial court, and that it is difficult to lay down guidelines that can be translated into mathematical fractions or percentages. However, one of the guidelines which this court has laid down is that in general a third of the net estate is a liberal allowance to the wife subject to be increased or decreased according to special circumstances. *Wagner v. Wagner* (1961), 14 Wis. (2d) 23, 27, 109 N. W. (2d) 507; and *Gauger v. Gauger* (1914), 157 Wis. 630, 632, 147 N. W. 1075.

There were special circumstances in this case which warranted the trial court's granting more than one third of the total of that estate to plaintiff.

One of these is the long period of the marriage, thirty-four years. For parties that are married but a short time this

factor may warrant a division of considerably less than one third of the estate. *Steinbach v. Steinbach* (1929), 200 Wis. 208, 210, 227 N. W. 879. Here we have a marriage of thirty-four years' duration which is considerably above the average length of marriage confronting a trial court in divorce and legal-separation cases.

Another factor properly to be considered is the complete lack of any separate estate in the plaintiff coupled with her inability to support herself by employment in the future.

A third factor is that the legal separation has been brought about by defendant's wrongful conduct. Wrongful conduct by either party is a proper factor to be considered. *Manske v. Manske* (1959), 6 Wis. (2d) 605, 607, 95 N. W. (2d) 401. However, it is not to be utilized as a means of punishment to the guilty party. *Knutson v. Knutson* (1961), 15 Wis. (2d) 115, 121, 111 N. W. (2d) 905; and *Yasulis v. Yasulis* (1959), 6 Wis. (2d) 249, 253, 94 N. W. (2d) 649. It is extremely difficult to draw the line between a division of property that takes into account misconduct of one of the parties from one that goes beyond this and utilizes the division as a means of punishment. All that we deem it advisable to say is that seldom will the single factor of misconduct on the part of a husband alone justify an award of half the net estate. For example, in the recent case of *Lindahl v. Lindahl, supra,* the wife obtained the divorce on the grounds of cruel and inhuman treatment by defendant husband and was given an award of approximately 50 percent of the net estate. Under the facts in that case the division was held to be excessive and was modified so as to award her approximately 40 percent of the net estate.

Another factor to be considered is the amount of permanent alimony awarded to the wife. Because of the disability of the husband, his present income consisting of the $121 per month social-security benefits is so small as to prevent any award of substantial alimony to plaintiff. While the trial

court did grant substantial alimony, this part of the judgment must be reversed. Therefore, consideration has been given to the fact that plaintiff is presently denied alimony in deciding to affirm the division of estate.

In view of the foregoing factors this court concludes that the division of estate made in favor of plaintiff wife is not excessive and does not constitute an abuse of discretion.

### Permanent Alimony.

The trial court properly included the $9,749 value of defendant's interest in his employer's profit-sharing trust in making the division of estate. *Schneider v. Schneider* (1961), 15 Wis. (2d) 245, 248, 112 N. W. (2d) 584; and *Schafer v. Schafer* (1958), 3 Wis. (2d) 166, 170, 87 N. W. (2d) 803. Under the terms of this profit-sharing trust, defendant upon termination of his employment will be entitled to either draw out the $9,749 credit in the trust or will be entitled to have the same disbursed to him in monthly instalments amortized over ten years. If disbursed in instalments he will also share in the income of the trust yearly allocated to the undistributed balance in his trust account. The discretion as to whether this amount will be paid in a lump sum, or in monthly instalments over the ten-year period, rests in the trustees of the trust, not in defendant. While at the time of trial defendant was on an extended leave of absence because of his heart attack sustained early in 1962, all probabilities are that he will be unable to return to work and that the trustees of his pension will consider his present severance from employment as permanent.

The trial court, in awarding plaintiff permanent alimony of $100 per month, stated in its memorandum decision that defendant's income of $121 per month "will be increased through payments from Pension Sharing Trust." Thus the trial court not only included the profit-sharing trust asset as part of the net estate awarded defendant on division, but

also included it as income in determining the amount of permanent alimony. This clearly constituted error. We view the matter no differently than if the $9,749 had constituted cash in a bank deposit standing in defendant's name. Such an asset cannot be included as a principal asset in making division of the estate and then also as an income item to be considered in awarding alimony.

Under the evidence in this case we must assume that there is no immediate prospect of defendant's actual income being increased above the $121 per month social-security disability benefit. Disability is defined as follows under the Social Security Act:

"The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required." [1]

The presumption exists that the social security administration would not have certified a fifty-two-year-old defendant for disability benefits unless he had met the conditions specified in the foregoing definition. We therefore assume that his present disability will be long-continued and of indefinite duration. A majority of the court have concluded that under the circumstances of this case, where the wife has received a substantial division of property and the husband is disabled and his income is limited to $121 per month, that no permanent alimony should be awarded at this time. A minority of the court, including the writer of this opinion, would reduce the alimony from $100 per month to $50 per month. All of the court are agreed that jurisdiction should be retained by the trial court to award future alimony in event of a substantial change in circumstances. One possible

---

[1] 42 USCA, p. 382, sec. 423 (c) (2).

change of circumstance would be the future improvement of defendant's health so as to permit some gainful employment on his part.

Plaintiff wife desired to be awarded the homestead in the division of estate so that she could continue to live in the home, and the trial court properly awarded the home to her. However, under the circumstances of this case we do not consider the fact that the wife desires to continue to live in the home is a proper factor to be considered in awarding alimony. This is not a situation where the husband's income and financial circumstances are such as to require alimony payments which will permit this. If the parties were still living together as husband and wife it is extremely unlikely that their financial circumstances and income would permit them the luxury of continuing to occupy such home. As it is, it is apparent that unless plaintiff can utilize such home to produce income, such as taking in roomers, she will be forced to sell the same.

There is no question but that, if the judgment is modified so as to retain jurisdiction over alimony, the county court will have jurisdiction to award alimony in the future to plaintiff upon an adequate showing of change of circumstances even though no alimony is presently awarded. *Schall v. Schall* (1951), 259 Wis. 412, 49 N. W. (2d) 429. See also Anno. 43 A. L. R. (2d) 1387, 1409. However, it should be pointed out that a trial court should not reserve such jurisdiction to award alimony without stating its reasons for so doing. *Hansen v. Hansen* (1951), 259 Wis. 485, 49 N. W. (2d) 434; Konnak, Survey of Wisconsin Domestic Relations Law, 1946–1953, 1954 Wisconsin Law Review, 464, 488. Such reasons may be stated in the memorandum decision, in the findings of fact, or the judgment. The *Schall Case* makes it clear that the trial court can effectively retain jurisdiction to award alimony in the future without in the meantime awarding alimony in a nominal amount,

such as one dollar per month, as was done in *Hansen v. Hansen, supra,* and *Burg v. Burg* (1957), 1 Wis. (2d) 419, 85 N. W. (2d) 356.

*By the Court.*—That part of the judgment which awards a division of estate is affirmed; that part of the judgment which awards $100 per month alimony to plaintiff is reversed, and the judgment is modified so as to retain in the county court jurisdiction to award alimony in the future. No costs shall be taxed on this appeal by either party.