IN RE the MARRIAGE OF Sandra Joy MALEY and Steven D. Maley,

STATE of Wisconsin, Appellant,

v.

Steven D. MALEY, Respondent.

Court of Appeals

*No. 93–3398. Submitted on briefs June 7, 1994.—Decided June 21, 1994.*

(Also reported in 519 N.W.2d 717.)

125

For the appellant the cause was submitted on the briefs of *Terry L. Nussberger* of *Nussberger Law Office* of Ladysmith.

For the respondent the cause was submitted on the brief of *Sandra Stone Ruffalo* of *Ruffalo Law Offices* of Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. The State appeals an order refusing to assess a $ 3,095.46 child support arrearage against Steven Maley. The State argues that Steven's reported $10,674 capital gain constitutes income subject to the child support order requiring Steven to pay 29% of his gross income for child support. We conclude that in this case, requiring Steven to pay 29% of the capital gain derived from selling an asset awarded to him from the marital estate at the time of the divorce would result in double counting the asset as both property and income. Because the sale price of the asset was equal to or less than the value placed on the asset at the time of the divorce, the proceeds of the sale are not income for the purposes of determining a child support obligation. We therefore affirm the judgment.

The facts relevant to this appeal are undisputed. Steven and Sandra Maley were divorced in 1987. As part of an unequal division of the marital estate, the court awarded Steven an apartment building, valued at $100,000, which the Maleys owned jointly with

another couple, the Bergs. At the time of the judgment, the Maleys' share of the equity in the apartment was $15,900. Because the Maleys had three minor children, the court also ordered Steven to pay 29% of his gross income as child support.

In July 1988, Steven and the Bergs sold the apartment building for $95,000. Steven's share of the net sale proceeds was $12,931.57, of which $666.66 was deducted to pay a joint judgment against the Maleys. As a result of this transaction, Steven reported a capital gain of $10,674 on his 1988 federal income tax return.

The State, on Sandra's behalf, moved the trial court for an order assessing a $3,095.46[1] arrearage against Steven, based on the assertion that the original child support order required Steven to pay 29% of his gross income in child support. The trial court denied the motion. The trial court noted that the amount of the capital gain was less than the amount of equity in the apartment the court awarded to Steven as part of the property division in the original divorce judgment. Thus, the court concluded, the capital gain "represents property which was accumulated during the marriage [and thus is] not subject to a support order."

■ The issue in this case concerns whether the sale proceeds are income subject to the child support order within the meaning of WIS. ADM CODE § HSS 80.02(12), a question of law that we review independently of the trial court's determination. *See Brandt v. LIRC*, 160 Wis. 2d 353, 361, 466 N.W.2d 673, 676 (Ct. App. 1991), *aff'd*, 166 Wis. 2d 623, 480 N.W.2d 494 (1992).

---

[1] $3,095.46 is 29% of $10,674.

An asset and its income stream may not be counted both as an asset in the property division and as part of the payor's income from which support is paid. *Hauge v. Hauge*, 145 Wis. 2d 600, 606, 427 N.W.2d 154, 156 (Ct. App. 1988). While the capital gain from the sale of the apartment may meet some definition of income, that fact alone does not automatically render it subject to a child support order. Here, it is undisputed that the Maleys' share in the apartment building was counted as an asset in the property division. It is also undisputed that the proceeds to Steven from the sale of the apartment were less than the court's assessed value. Therefore the sale proceeds, and the concomitant capital gain, are not counted as income to Steven because the apartment building has already been counted as an asset in the property division. We therefore conclude that the trial court properly refused to assess a child support arrearage against Steven representing 29% of his reported capital gain from the sale of the apartment.

We do not hold that any gain realized from a sale of an asset counted as property in the divorce judgment cannot be counted as income. Whether gains from the sale of an asset counted as property in the divorce judgment can be counted as income for support purposes is a fact-sensitive question to be resolved on a case-by-case basis. Thus, we do not address the issue of whether gains from a sale of an asset for greater than the value placed on it in the property division may be counted as income for support purposes because that fact scenario is not before us.

*By the Court.*—Order affirmed.