IN RE the MARRIAGE OF:

Pam Anita COOK, Petitioner-Respondent,

v.

Roger Paul COOK, Respondent-Appellant.†

Court of Appeals

*No. 95–1963. Submitted on briefs February 12, 1996.—Decided March 14, 1996.*

(Also reported in 547 N.W.2d 817.)

†Petition to review granted.

72

For the respondent-appellant the cause was submitted on the briefs of *Norma Briggs* of *Briggs Law Office* of Madison.

For the petitioner-respondent the cause was submitted on the brief of *Richard J. Auerbach* of *Auerbach & Porter* of Madison.

Before Eich, C.J., Gartzke, P.J., and Vergeront, J.

EICH, C.J.    Roger Paul Cook challenges the trial court's order including 11/23 of Cook's military pension in the marital estate and including his income from the pension in computing his child-support obligation. He argues that such "double-counting" is improper.

The facts are stipulated. Roger and Pam Cook were divorced in 1995 after an eleven-year marriage, and their two minor children were placed with Pam. When the divorce action was filed, Roger was in military service and had an accrued right to receive a pension on retirement. While the divorce was pending, he retired from active status and became entitled to a pension of $1301 per month for life, of which $89 per month represented a disability payment. At the time of his retirement, Roger had been in the military for 23 years, and the parties stipulated that 11/23 of the pension could be considered part of the marital estate.

The trial court ruled that 11/23 of Roger's military pension was to be treated as a marital asset subject to division between the parties and, further, that each party's share of the pension would be subject to the percentage-of-income child-support guidelines of WIS. ADM. CODE § HSS 80.

Roger sought reconsideration of the portion of the court's decision holding that his pension payments need be considered in setting child support. The trial court denied the motion, awarding Pam half of the 11/23 "marital" portion of Roger's pension payments (after deduction of the disability portion). Then, applying the percentage guidelines of § HSS 80, the court awarded Pam 25% of Roger's nondisability monthly pension payments as child support.

■

Because resolution of Roger's challenge to the trial court's decision involves the application of statutes and administrative rules to stipulated facts, it is a question of law which we review independently, owing no deference to the trial court's decision. *State v. Michels*, 141 Wis. 2d 81, 87, 414 N.W.2d 311, 313 (Ct. App. 1987).

■

Pam argues first that Roger has waived his challenge to the inclusion of his pension payments in the child-support calculation because of a stipulation he purportedly entered after the trial court's initial decision on the point. She argues, without citation to authority, that such a stipulation "precludes an appeal" of the issue in the absence of an express reservation of appeal rights. Nor does she cite us to the record in support of her assertion of the existence of the purported stipulation. We do not consider such unsupported or unreferenced arguments. *Lechner v. Scharrer*, 145 Wis. 2d 667, 676, 429 N.W.2d 491, 495 (Ct. App. 1988).[1]

---

[1] Pam points to a statement by the trial court that the parties had stipulated "that the appropriate marital share of retired pay, based upon the length of the marriage coincident with respondent's active military service, is 11/23." We agree with Roger, however, that an argument or stipulation that *if* the

Citing *Maley v. Maley*, 186 Wis. 2d 125, 128, 519 N.W.2d 717, 718 (Ct. App. 1994), Roger argues that his military retirement pay is part of his income stream and cannot be viewed both as income and as a divisible marital asset. In *Maley*, the divorcing couple owned an equity interest of $15,900 in an apartment building. The building was awarded to the husband as part of the property division, and he was ordered to pay 29% of his gross income as support for the couple's three minor children. A year or so after the divorce, the husband sold the building and reported a capital gain of $10,674, and the wife sought to recover 29% of that amount as child support. The trial court denied her request, concluding that because the amount of the husband's gain was less than the equity awarded to him in the property division, that gain constituted marital property which could not be reached for child support.

We affirmed. Citing *Hauge v. Hauge*, 145 Wis. 2d 600, 606, 427 N.W.2d 154, 156 (Ct. App. 1988), we noted the rule that "[a]n asset and its income stream may not be counted both as an asset in the property division and as part of the payor's income from which support is paid." *Maley*, 186 Wis. 2d at 128, 519 N.W.2d at 718. Then, because it was "undisputed that the Maleys' share in the apartment building was counted as an asset in the property division," we held that the sale proceeds and concomitant gain to the husband

pension payments were divisible, the division should be based on the 11/23 ratio, does not amount to the type of waiver argued by Pam. Beyond that, the trial court's decision notes Roger's argument that the pension payments could not be considered both as a divisible asset and a stream of income for purposes of calculating child support. We reject Pam's argument that the issue was waived.

could not be counted as income to him for purposes of setting child support. *Id.*

*Maley* is the first case to apply the double-counting rule with respect to a child-support order. Prior cases applying the rule have been confined to those in which an asset, once awarded to a party, was also considered in setting maintenance or family support (a combination of maintenance and child support, see § 767.261, STATS.).[2] And we did not consider in *Maley* whether the differences between child support, on the one hand, and maintenance or family support on the other, warranted a different rule concerning the "countability" of assets divided at the time of the divorce.

Property division, maintenance and family support are interrelated. Section 767.255(8), STATS., dealing with property division, states that an equal division of the parties' assets is to be presumed, although the presumption may be altered by the court upon consideration of certain factors, such as the amount and duration of maintenance and family-support obligations. Similarly, § 767.26(3), STATS., lists the property division as a factor to be considered in decid-

---

[2] Wisconsin has recognized the rule in maintenance cases for many years. In *Kronforst v. Kronforst*, 21 Wis. 2d 54, 123 N.W.2d 528 (1963), for example, the supreme court held that when an employee-spouse retains a profit-sharing trust as an asset in a property division, a circuit court may not consider the receipts from the spouse's trust as income available for maintenance. The court reasoned that, like a bank deposit, such a trust "cannot be included as a principal asset in making division of the estate and then also as an income item to be considered in awarding alimony." *Id.* at 63-64, 123 N.W.2d at 534. In *Hauge v. Hauge*, 145 Wis. 2d 600, 605-06, 427 N.W.2d 154, 156 (Ct. App. 1988), the rule was applied to an award of family support, succeeded by an award of maintenance. *Hauge* is the sole case relied on for our holding in *Maley*.

ing whether to award maintenance. Because of this interdependence between property division and maintenance/family support, the fairness of the rule against double-counting in maintenance and family-support cases is apparent.

Beyond that, we also think *Maley* is distinguishable on its facts. In that case we were concerned with an asset awarded to *one* of the parties, and whether the gain from its sale should, *after judgment,* be counted to increase that party's child-support obligation. Here we are concerned with the division of property and the award of support *during* the divorce proceedings, where the asset in question was not awarded to one party but was—and is being—*divided equally* between the parties in the form of a set monthly income for each of them.[3]

In our opinion, the goal of achieving fairness between the parties, which is at the heart of the rule against double-counting, will not be met by excluding the income stream awarded to Roger in determining his obligation for child support when the law assumes Pam will be using her share of the marital portion of the pension to support the children. And if we were to follow Roger's rationale, and the payments received by *both* parties were excluded from the child-support calculation, the income available for child support would

---

[3] We note, too, that both Pam and Roger have an obligation to provide support for their minor children, and the trial court applied the percentage guidelines of WIS. ADM. CODE § HSS 80.03 to set that support. The percentage guidelines are designed to determine "the minimum amount each parent is expected to contribute to the support of their children," and they "expect[ ] that the custodial parent shares his or her income directly with their children." WIS. ADM. CODE § HSS 80, Preface.

be substantially reduced. We do not see *Maley* as requiring either result.

*By the Court.*—Order affirmed.

GARTZKE, P.J. (*concurring*). The trial court properly took Roger's pension income into account when determining his ability to pay child support even though his pension was divided as part of the marital estate. We wrongly decided *Maley v. Maley*, 186 Wis. 2d 125, 128, 519 N.W.2d 717, 718 (Ct. App. 1994), when we said that "[a]n asset and its income stream may not be counted both as an asset in the property division and as part of the payor's income from which support is paid." The prohibition against "double-counting," first announced in *Kronforst v. Kronforst*, 21 Wis. 2d 54, 123 N.W.2d 528 (1963), does not apply to child support determinations. The distinctions the majority draws between the facts of this case and those in *Maley* are insubstantial.

The child of divorced parents does not share in the property division.[1] The division is solely between the parents. The child receives nothing from the property division. When determining child support, if the court takes into account that part of a pension assigned to the payor parent/spouse, it is "counted" for the first time for support purposes. Double-counting does not occur. Double-counting no more occurs here than it

[1] The trial court's power under § 767.255(1), STATS., to set aside "a portion of the property of the parties in a separate fund or trust" for the minor children creates no interest for the child in the property divided between the parents. Nor does the power of the court in § 767.255(2)(b) to divide non-marital property to avoid hardship to the children create an interest for the children in the martial estate.

79

would if Roger's creditors attained his share of the pension to pay his debts. I would overrule *Maley* if we could.

We recently asked the Wisconsin Supreme Court to consider our authority to overrule, withdraw language from or modify previously published precedential decisions of our court. We noted in our certification of case nos. 95-0266-CR and 95-0382-CR, *State v. Johnson*, that it is assumed that because the court of appeals is one court, the published decision of a panel in any district is precedential. *In re Court of Appeals*, 82 Wis. 2d 369, 371, 263 N.W.2d 149, 149-50 (1978). We have generally followed our published decisions even though we would decide the issue differently, if the issue were one of first impression. *Kimps v. Hill*, 187 Wis. 2d 508, 516, 523 N.W.2d 281, 285 (Ct. App. 1994).

The supreme court's order refusing certification states that a certified issue does not arise unless the court of appeals itself first issues a decision in which it overrules, withdraws language from or modifies its own published decision in a prior case or that of another district. The refusal order creates a Catch-22 situation. I, and I believe most judges of the court of appeals, believe that *stare decisis* prevents us from taking the action the supreme court insists on.

Were I writing for the majority, I would not overrule or withdraw the language in *Maley*. My recourse is to explain by way of this concurrence why *Maley* is wrong, and to hope that the supreme court grants review and overturns *Maley*. And perhaps the supreme court will either affirm my view of the role of *stare*

*decisis* in the court of appeals or announce a different rule.